Robert Babione, Public Defender, Mary Louise Moran, Henry J. Rieke, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

---

**STATE of Missouri, Respondent,**

v.

**Farrell SHEPHERD, Appellant.**

**No. 37546.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 21, 1977.

CLEMENS, Presiding Judge.

A jury found defendant Farrell Shepherd guilty of statutory rape and the trial court sentenced him, as a second offender, to 35 years' imprisonment. He appeals, raising a single point: error in denying his voir dire challenge for cause against a venireman who believed defendant should testify.

On voir dire, defense counsel asked whether anyone felt defendant should be required to testify and whether anyone would hold it against him if he chose to remain silent. Venireman Molkenbur answered, "I think he should be on the witness stand. I personally feel they should be on the stand." Defense counsel moved to strike the venireman for cause but the court denied the motion: "I think we need more evidence on the record to disqualify . . . the record is not clear that she would hold it against him and not be able to give him fair trial." On further defense inquiry, Mrs. Molkenbur stated she had "misunderstood" the question of defense counsel and that she had once been required to testify as a defendant in a civil case. After defense counsel explained that an accused does not have to testify, Mrs. Molkenbur answered that she was "quite positive" she would not "hold it against" the defendant if he did not testify. Further

questioning revealed she understood the difference between a civil and criminal case and would follow the court's instructions as to the accused's right to remain silent. The court then denied defendant's motion to strike.

Defendant argues that Mrs. Molkenbur exhibited prejudice against him when she initially responded she felt he should testify in his own behalf. Defense counsel repeatedly asked if Mrs. Molkenbur would "hold it against" defendant if he did not testify and each time she failed to respond affirmatively. Her reasons for initially stating she felt the defendant should testify was because she "misunderstood" the question and because she had once been required to testify as a defendant in a civil action. Upon defense counsel's explanation that an accused does not have to testify, Mrs. Molkenbur responded that she was "quite positive" about her ability to judge the case fairly and impartially.

■ Defendant's sole challenge is based on Mrs. Molkenbur's initial response that she felt defendant should testify. But further questioning showed she would not be prejudiced by defendant's failure to testify and would follow the court's instructions as to defendant's right to remain silent. We assess Mrs. Molkenbur's qualifications not on the first isolated response but on the examination as a whole. *State v. McGrew,* 534 S.W.2d 549[5, 6] (Mo.App.1976).

So considering the record, we assess the trial court's ruling in light of the admonition given in *State v. Harris,* 425 S.W.2d 148[8] (Mo.1968): "Determination by the trial judge of the qualifications of a venireman necessarily involves a judgment based on an observation of the demeanor of the venireman, and in light of that observation, an evaluation and interpretation of his answers as they relate to whether [or not] he would be fair and impartial if chosen as a juror. The trial judge is in a far better position to make that determination than we are from the cold record."

The trial court did not abuse its discretion in failing to strike the prospective juror.

Judgment affirmed.

DOWD and SMITH, JJ., concur.