James Donald TOLLISON, Appellant,

v.

STATE of Missouri, Respondent.

No. 37940.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Aug. 23, 1977.

John Rueseler, Cape Girardeau, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean and W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, for respondent.

WEIER, Judge.

On February 3, 1975, James Donald Tollison was sentenced to ten years imprisonment after a trial in which he had been convicted of the illegal possession of a controlled substance. He did not appeal his conviction. On November 21, 1975, however, Tollison filed a motion to vacate, set aside or correct his sentence under Rule 27.26. The State moved to dismiss the Rule 27.26 motion without an evidentiary hearing on the ground that it failed to state facts upon which relief could be granted. After a hearing on the State's motion to dismiss, the circuit court sustained the State's motion and dismissed Tollison's motion without an evidentiary hearing. Tollison appealed his dismissal as being clearly erroneous.

Appellant's Rule 27.26 motion contained two grounds for relief. One was that Tolli-

son had been denied effective assistance of counsel at his trial for possession of drugs because his lawyer had failed to file a motion to suppress the drugs as the product of an illegal arrest and search. The other ground for relief was that the appellant had not knowingly and voluntarily waived his right to appeal his conviction. The reasons cited by the lower court for dismissing Tollison's motion were that he had alleged conclusions and not facts, that he had not alleged that his attorney refused his request to file an appeal, and that he had not alleged that he discussed with his attorney the filing of a motion to suppress. The court said that as a result of these deficiencies, the appellant's motion did not state facts sufficient for the granting of relief and could be dismissed without an evidentiary hearing.

■ A hearing must be held on a motion to vacate, set aside or correct a sentence "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 27.26(e). A motion is sufficient to warrant a hearing only if it alleges facts, not conclusions, which if true, warrant relief, if its allegations are not refuted by the files and records of the case, and if the matters complained of caused prejudice to the prisoner. *Haliburton v. State*, 546 S.W.2d 771, 773[1] (Mo.App.1977); *Voegtlin v. State*, 546 S.W.2d 40, 41[4] (Mo.App.1977). The burden is on movant to state the facts upon which he bases his claim of ineffective assistance of counsel. *Wimberly v. State*, 549 S.W.2d 101, 103[3] (Mo.App.1977).

■ Obviously, the lower court felt that appellant's motion did not meet the requirement that its factual allegations warranted the granting of relief. Even if this basis for denying relief was not correct, however, we must affirm the lower court's judgment if sustainable for another reason. *State v. Kimes*, 415 S.W.2d 814, 815[2] (Mo. 1967). Thus if appellant's motion did not meet one of the other requirements, we must affirm its dismissal. Moreover, the lower court's judgment must be sustained unless clearly erroneous. Rule 27.26(j);

*Coleman v. State*, 542 S.W.2d 53, 54[2] (Mo. App.1976).

■ There was no error in the trial court's dismissal of that part of appellant's motion concerned with his waiver of his right to appeal. His allegation on this point said merely "[m]ovant was denied his constitutional right to a review of his conviction by the Missouri Appellate Court in that the movant did not knowingly, intelligently and wantingly waive his right to his appeal of right." The "facts" supporting this allegation were that "[m]ovant will testify that he did not knowingly waive his right to an appeal." There were no actual facts alleged to support these conclusory statements. And so that portion of the appellant's motion was properly dismissed.

That part of the motion having to do with ineffective assistance of counsel did not, however, consist of mere conclusions. There were specific factual allegations made. The pertinent part of the motion read:

"(a) The movant will testify that he was arrested by the police and they stated that he was driving while drunk; that he was taken to the police station and subjected to a breath test; that the test proved that he had not been drinking; that he was told by the police that they would book him for driving while under the influence of drugs.

(b) Movant will further testify that he was then searched (after he had been proven not under the influence of alchohol), and as a result of the search the police found the complained about 'drugs' or controlled Substance.

(c) Movant will testify that his lawyer did not file a motion to suppress and did not advise the movant that such action was illegal and that movant had a remedy at law to file a motion to suppress.

(d) Movant will testify . . . that he had no knowledge that the arrest and subsequent search was illegal; that he was definately shown not under the influence of alchohol; that he was definately held for no reason after the test showed that he had not been drinking."

The lower court apparently felt this part of the motion was defective for lack of an allegation that appellant had discussed with his attorney the filing of a motion to suppress. Such a discussion with one's attorney has been held necessary when there has been an allegation the attorney failed to use a defense of which only his client could be aware. *Compare Robinson v. State*, 454 S.W.2d 930, 933[7–8] (Mo.1970) *and Floyd v. State*, 518 S.W.2d 700, 704 (Mo.App.1975) *with Thomas v. State*, 516 S.W.2d 761, 766–67 (Mo.App.1974).

Here, however, the appellant alleged he did not know his arrest and the search were illegal. The legality of arrests and searches is not a topic which a layman should be expected to know and bring up in conferences with his attorney. More likely, it is something an attorney should ask about in order to fulfill his duty to "make reasonable investigation of the facts and of the applicable law 'to learn of readily available facts which might have afforded his client a legitimate justiciable defense.'" *Jackson v. State*, 465 S.W.2d 642, 645[1] (Mo.1971). We need not decide, however, whether it is necessary to allege that the movant discussed with his attorney the filing of a motion to suppress for there is another reason the motion was lacking.

By his allegations in his Rule 27.26 motion, movant does not carry his burden to allege facts which if true would demonstrate and prove that the failure of counsel to file a motion to suppress the evidence (here the drugs found on his person) caused prejudice to him. There could not, of course, be a finding that movant did not receive effective assistance if the filing of a motion to suppress by his attorney would not have been useful under the facts as alleged by appellant. *Robinson v. State, supra* at 932[4]. Appellant alleged that he was arrested for drunken driving, was given a test showing he was not drunk, was kept under arrest, not for driving while drunk, but rather for driving while under the influence of drugs, and was then searched for drugs. He thus fails to allege sufficient facts to show that a motion to suppress would have been sustained. He does not allege facts to show the police had no probable cause to arrest him initially or keep him under arrest.

Factual allegations showing lack of probable cause to arrest were necessary for this Rule 27.26 motion. This motion is a collateral *civil* attack on a criminal judgment. *Winston v. State*, 533 S.W.2d 709, 712–13[1] (Mo.App.1976); *Layton v. State*, 500 S.W.2d 267, 269[4] (Mo.App.1973). In civil proceedings attacking judgments, there is a presumption both that the judgment itself is valid and that the means used to obtain it are regular. *Gomez v. Gomez*, 336 S.W.2d 656, 660[8] (Mo. banc 1960); *Colorado Milling & Elevator Co. v. Rolla Wholesale Grocery Co.*, 102 S.W.2d 681, 682[4] (Mo.App.1937). This presumption also prevails as to the validity of criminal proceedings. *State v. Allison*, 466 S.W.2d 712, 713–14 (Mo.1971). There is a presumption here that the appellant's arrest was lawful. The existence of such a presumption in Rule 27.26 actions is further demonstrated by the inability of a prisoner to attack directly in such an action his allegedly illegal arrest and search. *Collins v. State*, 454 S.W.2d 917, 918[1] (Mo.1970); *McCrary v. State*, 529 S.W.2d 467, 470[3] (Mo.App.1975); *Jackson v. State*, 512 S.W.2d 249, 252[1] (Mo.App.1974). He may only bring it up to show ineffective assistance of counsel. And the failure of counsel to file a motion to suppress does not of itself constitute ineffective assistance of counsel. *Arnold v. State*, 545 S.W.2d 682, 684[4] (Mo.App.1976). In a Rule 27.26 motion the presumption is that the arrest is lawful, so that movant in order to plead ineffective assistance of counsel by failure to file a motion to suppress must plead lack of probable cause by factual allegations. Since he failed to plead lack of probable cause adequately here, movant failed to allege in his motion that his counsel was prejudicially inadequate for failure to file a motion to suppress. His motion, therefore, was properly dismissed without a hearing by the lower court.

There is a further reason why the motion should be denied. In the brief on appeal his present counsel admits movant was arrested "when his car was spotted weaving and not under control on a highway." Furthermore, in his argument on the motion before the lower court, counsel stated that the circumstances under which movant was arrested included the facts that he was driving an automobile and it was weaving on the road. To support his assertion that trial counsel failed in his duty to file a motion to suppress he theorizes on appeal that after the breathalyzer test failed to show movant was intoxicated the officers had no further right to search him for any substance which might have caused his erratic driving. Such a motion would have been without merit and counsel cannot be found to be ineffective in the constitutional sense for failing to file a motion to suppress when the facts here conceded demonstrate it could not succeed. *Robinson v. State, supra* at 932[4].

The judgment is affirmed.

KELLY, P. J., and GUNN, J., concur.