**Ross L. GREEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10306.**

Missouri Court of Appeals,
Springfield District.

Jan. 9, 1978.

John L. Woodward, Steelville, for movant-appellant.

John C. Danforth, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

FLANIGAN, Judge.

Movant Ross L. Green appeals from a denial of his "Motion to Vacate Judgment and Set Aside Sentence under Rule 27.26." A jury found movant guilty of the forcible rape of a seventeen-year-old girl and he received a sentence of 20 years' confinement. On appeal from that conviction, this court affirmed. *State v. Green,* 515 S.W.2d 197 (Mo.App.1974). Counsel was appointed to represent defendant on the motion. After holding an evidentiary hearing in the presence of defendant and his attorney, the trial court made certain findings of fact and conclusions of law.

Although the motion contained several grounds for relief, only one of those grounds, that alleging denial of effective assistance of counsel, has been carried forward in movant's brief and it alone need be considered, the others having been abandoned. *Herron v. State,* 498 S.W.2d 530, 531[1] (Mo.1973).

On this appeal movant asserts that counsel was ineffective in four respects. Two of the latter have not been preserved for appellate review for the reason that they were neither raised in the motion nor tried by the express or implied consent of the parties in the meaning of Rule 55.33(b). *Harkins v. State,* 494 S.W.2d 7, 14[7] (Mo.1973); *Garrett v. State,* 528 S.W.2d 174, 176[3] (Mo. App.1975).

The facts relative to the other two respects in which counsel was allegedly ineffective were fully developed at the evidentiary hearing. As to them, the trial court made findings of fact and conclusions of law in compliance with Rule 27.26(i). This court has reviewed the record and the briefs and considered the authorities cited by the parties. The judgment of the trial court is based on findings of fact and conclusions which are not clearly erroneous and no error of law appears. An opinion would have no precedential value.

Pursuant to Rule 84.16(b) the judgment is affirmed.

All concur.