Theodore Delroy AMRINE,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 30214.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Joe L. Moseley, Asst. Public Defender, Columbia, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

This case reaches this court on Movant's appeal from denial of his motion to vacate conviction pursuant to Rule 27.26. Affirmed.

Movant was convicted by jury of assault with intent to do great bodily harm with malice aforethought. He was sentenced to seven years confinement. Judgment affirmed. *State v. Amrine*, 548 S.W.2d 244 (Mo.App.1977).

Movant raises one point on this appeal.

I

"The trial court erred in denying Movant's motion to vacate judgment and sentence because Movant was denied effective assistance of counsel in that counsel failed to investigate and locate medical records, said records being readily available and if used, would have completely discredited the victim's testimony, thus prejudicing Movant's defense of lack of intent and making the trial a mockery of justice."

There was appointment of counsel, an evidentiary hearing, findings of fact and conclusions of law by the trial court, thus complying with the ruling in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

It has become almost commonplace in post conviction proceedings to attack the conduct of defense attorneys; and while the rights of an individual convicted of a criminal act must be ever safeguarded, post conviction relief can only be granted upon the combination of three major factors. The first is that a mere broad assertion of ineffectiveness of counsel is insufficient, and the circumstances of each case determine whether an investigation is necessary and relief is warranted. *Floyd v. State*, 518 S.W.2d 700 (Mo.App.1975). The second is that there must be the establishment of facts which prove conduct of counsel has been such to fall below the necessary standard of care and third, that the standard of care has been defined as whether counsel was so ineffective by action or inaction as to deprive his client of a fair trial. *Thomas v. State*, 516 S.W.2d 761 (Mo.App.1974).

The Movant has the burden of proving *these three factors* and this is as it should be, for society has rights also. It has rights to protect itself from wrongful or anti-social conduct and it has the further right to minimize the costs in dollars and time incurred by frivolous post conviction proceedings.

The Movant herein alleges that defense counsel rendered him ineffective assistance for failure to investigate Movant's medical records. Movant allegedly had received a broken jaw and his jaws were wired closed at the time of the offense for which he was convicted.

Movant's attorney interviewed each witness requested by Movant, including the victim. Upon cross examination, the victim surprisingly testified that someone shouted "get him" or "kill him". These alleged statements could not be attributed by the victim to Movant. Movant's contention that the medical records would establish his jaws were wired closed cannot, without anything further, produce the conclusion or even the presumption that the Movant could not speak.

Absent these factors, it is even more illogical to conclude that a failure to procure, examine and offer such records as evidence is tantamount to ineffective assistance of counsel. Indeed, consideration of the transcript of the 27.26 hearing discloses Movant requested no medical testimony at trial and further, Movant and his (then) counsel discussed the condition of his jaws relative to an alleged armed robbery.

Movant has failed to sustain his burden of proof and the action of the trial court is affirmed.

All Concur.