**Hubert WHITNEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 30282.

Missouri Court of Appeals, Western District.

July 31, 1979.

**316**

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Earl W. Brown, III, Special Asst. Atty. Gen., Kansas City, for respondent:

Before HIGGINS, Special Judge, Presiding, SWOFFORD, J., and WELBORN, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from denial of relief in proceeding under Rule 27.26 to set aside conviction and five-year sentence for receiving stolen property of a value of more than $50.00.

Hubert E. Whitney filed a pro se motion under Rule 27.26 in the Jackson County Circuit Court. The judge found that the files and records of the sentencing court showed conclusively that the movant was entitled to no relief and denied the motion, without a hearing. Movant appealed.

In this court, appointed counsel first assert that the trial court erred in denying appellant a hearing on his 27.26 motion. *The grounds for relief asserted by the motion were:*

1. Public defender representing appellant in circuit court failed to bring issue of an illegal search and seizure to the trial court's attention, although appellant requested him to do so.

2. The television set, the stolen property which appellant was charged with receiving, had been taken from appellant's apartment illegally.

3. Plea was result of misapprehension on part of appellant about his right to bring these matters to trial court's attention.

The appellant's brief here restates the grounds for relief alleged in the motion and asserts, without argument or authority, that appellant was denied "his day in Court" and "due process."

Subparagraph (e) of Rule 27.26 provides that a movant is entitled to a hearing unless the files and records of the case conclusively show that the movant is entitled to no relief. In this case, the trial court so concluded and made findings of fact and conclusions of law in support of his decision.

■ If appellant is to succeed on his contention of error in failing to accord him a hearing, he must first demonstrate that the trial court's conclusions regarding the effect of the court files and records are erroneous. The appellant has completely ignored such findings.

Having failed to demonstrate that the conclusions upon which the trial court based its denial of relief are erroneous, appellant has presented nothing for appellate review on the claim that he was improperly denied a hearing on his motion.

■ The second point of appellant's brief alleges that the factual basis presented to the trial court for his plea of guilty did not show that he was in fact guilty of the offense. The motion before the trial court in no manner raised this issue. It will not be considered when raised in this court for the first time. *Johnson v. State,* 561 S.W.2d 704, 706[5] (Mo.App.1978).

Judgment affirmed.

All concur.