Edward J. NEVILLS, Appellant,

v.

STATE of Missouri, Respondent.

No. 41917.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 2, 1980.

Robert Babione, Public Defender, Erica B. Leisenring, Asst. Public Defender, St. Louis, for appellant.

Paul Robert Otto, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of first degree murder and armed robbery on May 23, 1973. He was sentenced under the Second Offender Act to consecutive terms of life imprisonment and fifteen years, respectively. (*State v. Nevills*, 530 S.W.2d 52 (Mo.App.1975)).

Movant claims that his retained trial attorney was inadequate in that the attorney failed to investigate movant's prior criminal record. Allegedly, an investigation would have revealed that movant's prior conviction was invalid. Movant also claims that the attorney was remiss in stipulating to the existence and validity of the prior conviction.

The record before us does not show that the prior conviction was invalid. However, even if it was invalid, movant foreclosed the issue when he took the witness stand and testified to the prior conviction on direct examination. *Turnbough v. State*, 574 S.W.2d 400, 403 & 404 (Mo. banc 1978). Under the standard enunciated in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), the record shows movant was adequately represented at trial.

Finally, movant claims he was prejudiced at the Rule 27.26 hearing when the judge refused an offer of proof. The offer of proof dealt with the inadequacy of movant's trial attorney based on the attorney's failure to research the propriety of a joint trial on the charges of murder and armed robbery. Movant alleged that there were possible double jeopardy implications as a result.

The offer of proof was deficient in that movant did not show what facts would be elicited by further questioning. *State v. Davis*, 515 S.W.2d 773, 775 & 776 (Mo.App. 1974). The inadequacy of movant's trial attorney based on the attorney's failure to research the propriety of a joint trial was not raised in movant's Rule 27.26 motion and was not properly presented to the trial court. Therefore, this issue cannot be reviewed. *Keller v. State*, 566 S.W.2d 260, 262, 263 (Mo.App.1978).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.