**Raymond DAY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41939.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1980.

---

Edward K. Fehlig, Clayton, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

This is an appeal from the denial of an amended Rule 27.26 motion following an evidentiary hearing. Upon jury verdict, the movant, Raymond Day had been convicted of robbery in the first degree by means of a dangerous and deadly weapon for which he was sentenced to eighteen years imprisonment pursuant to the Second Offender Act.

This court affirmed that conviction upon appeal. *State v. Day*, 560 S.W.2d 322 (Mo. App.1977).

In his first of three points on appeal from the denial of the instant post–conviction motion, movant contends a defense witness was intimidated from testifying at movant's trial and that counsel was ineffective for failure to so advise the court or to urge such as a ground for acquittal or new trial. Movant contends witness Johnson,

movant's co–defendant, was intimidated from testifying on movant's behalf at trial by a threatened perjury prosecution. Evidence at the Rule 27.26 hearing was that movant's co–defendant had pleaded guilty prior to movant's trial. A statement of the factual basis for the co–defendant's conviction implicating movant was made a part of the co–defendant's guilty plea.

At movant's trial, upon the advice of the co–defendant's counsel that the co–defendant could be charged with perjury should he testify for movant, the co–defendant refused to testify based upon his privilege against self–incrimination. No one else advised the co–defendant against testifying. Upon such evidence, we cannot conclude the trial court erred in concluding movant was not entitled to relief under Rule 27.26. Rule 27.26(j). Movant's contention that trial counsel was ineffective for failure to preserve as error the claimed intimidation of the co–defendant will not be considered on this appeal because not raised in the Rule 27.26 motion or tried by express or implied consent of the parties. *Green v. State*, 560 S.W.2d 891, 892 (Mo.App.1978).

■ Movant's second point is that trial counsel was ineffective for failure to assert allegedly improper identification procedures as grounds in his motion for acquittal and motion for new trial. Movant argues his identification by the robbery victim was tainted because the victim first identified movant while movant was in police custody in handcuffs and because the victim was present during movant's police interrogation immediately prior to a line–up identification. Movant's counsel first raised this contention during the Rule 27.26 hearing, and the court permitted the amendment of the post–conviction motion by permitting movant's evidence on the subject.

Because movant's Rule 27.26 hearing occurred prior to issuance of *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), in order to prevail upon his claim of ineffective assistance of counsel, movant must prove his counsel's conduct deprived him of a fair trial. *Amrine v. State*, 579 S.W.2d 844, 845[2, 3] (Mo.App.1979).

Movant's trial counsel did move to suppress the victim's identification of movant. The motion was denied by the trial court after hearing. Movant's counsel also objected to the victim's in–court identification of movant, and the court overruled the objection. At trial, the victim testified he had a close and unobstructed view of movant for 5 to 6 minutes during the robbery which occurred in the victim's Velvet Freeze store during the afternoon. He had no doubt that movant was the man who pointed a gun at the victim and took cash and a watch from the victim. The victim followed the two men who robbed him from his store but lost sight of them. He hailed one police vehicle and then another a short time later. The victim came upon a crowd and a police vehicle with flashing lights shortly thereafter. Three individuals were standing by the police vehicle who were handcuffed. The victim testified two of the handcuffed individuals "had just left" his store. He also recognized the movant by the movant's shirt. The victim traveled to the police station where he again saw movant and overheard a portion of a police interrogation.

We cannot say trial counsel was ineffective for failure to pursue, in a motion for acquittal or new trial, the trial court's denial of the motion to suppress and action in overruling counsel's objection to the victim's in–court identification. The in–court identification was based upon the victim's observations of movant during the robbery and not upon observations at the time of movant's arrest or later in a line–up. The evidence does not support movant's charge the in–court identification was tainted. *State v. Dentman*, 588 S.W.2d 508, 510–11[4] (Mo.App.1979). Certainly counsel cannot be found remiss for not pursuing the matter. *Tollison v. State*, 556 S.W.2d 455, 459[15] (Mo.App.1977).

■ Movant's third point, that the 18 year sentence assessed against him was inappropriate because his co–defendant received a sentence of only 8 years imprisonment is without merit. Movant was sentenced as a second offender. Movant had

previously been convicted of operating a motor vehicle without the owner's consent and had previously pled guilty to another instance of operating a motor vehicle without the owner's consent and flourishing a weapon. Johnson's only prior conviction was for possession of marijuana. This is sufficient to explain the disparity of sentence although no explanation is necessary. Merely because a defendant who chooses to go to trial receives a longer sentence than his co–defendant who chooses to plead guilty, it cannot be presumed that the defendant is being punished for exercising his right to a jury trial. A complaint that all co–defendants did not receive the same sentence affords no grounds for post–conviction relief. *Allen v. State*, 582 S.W.2d 361, 362 (Mo.App.1979).

The judgment is affirmed.

CRIST and REINHARD, JJ., concur.