George P. BRANSTUDER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31238.

Missouri Court of Appeals, Western District.

Dec. 2, 1980.

James W. Fletcher, Platte City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The appeal comes from denial of a motion under Rule 27.26 to vacate concurrent five-year convictions entered on a plea of guilty to burglary and assault with intent to kill with malice aforethought.

The motion asserts grounds that [1] the plea was not voluntary because the defendant was without understanding of the nature of the charges or the consequences of the plea and because the defendant was then under the influence of narcotics, [2] the defendant was deprived of effective assistance of counsel–in particulars–antecedent to and at the plea procedure, [3] the judgment entered on the Rule 27.26 motion was not sufficient for want of adequate findings of fact.

The plea of guilty proceeding discloses that the defendant and a brother at night, armed with steak knives, broke into a dwelling, confronted the male resident by surprise, when the defendant struck him down and the brother plunged the knife into the back of the man so that the handle broke off. The defendant acknowledged that recitation by the prosecutor as the true event and admitted his guilt to those crimes. The defendant had confessed this conduct to the police. The court undertook explanation to the defendant that the conduct constituted burglary as well as assault, although the brother, and not the defendant

wielded the knife. The court then explained the range of punishments, the rights to trial by jury, to confront witnesses against self–incrimination, and even the right to disclaim the lawfulness of the confession to the police. The defendant acknowledged that the attorney had served him competently, that the plea was not coerced and that the defendant was then free of physical infirmity. The court then accepted the tendered plea, and after information by the defendant of prior convictions for burglary and forgery, sentenced him to two consecutive five–year terms.

■■■ The defendant contends the plea was not voluntary because, among other ceremony, the court made no inquiry–and the defendant did not otherwise know–about the obligation of the prosecution to prove guilt beyond a reasonable doubt, the right to present evidence and compel the attendance of witnesses, and the right to a unanimous verdict of the jury to determine guilt. The defendant testified, however, that he knew about the reasonable doubt burden of proof upon the State and other such fundamental incidents of a criminal conviction. The strictures of advice to the defendant the argument proposes are those now defined by Rule 24.02 [effective January 1, 1980]. The plea procedure on which the convictions rest, however, was conducted under then Rule 25.04. That rule prescribed no invariable procedure but only that "the plea [be] made voluntarily with understanding of the nature of the charge." A plea rendered under that rule was valid when accession to the offense was "in fact intelligently and voluntarily made." *McMahon v. State*, 569 S.W.2d 753, 758[1–4] (Mo. banc 1978). Thus, the detail of ritual was meant to subserve the reality of a basis in fact for the offense charged to which the pleader accedes with a free will and with understanding. *Giles v. States*, 562 S.W.2d 106, 108[1] (Mo.App.1978); *Flood v. State*, 476 S.W.2d 529, 534[3–7] (Mo.1972).

The defendant contends nevertheless that he was disabled from an understanding assent to the charges by a narcotic addiction, and was under the influence of drugs at the very time the plea was entered. He argues that the court made no examination as to whether or not the defendant was then under the influence of drugs nor did the court make inquiry whether the attorney had reason to believe that the defendant for that, or other reason, was unable to understand the proceedings. The defendant concludes that these lapses of inquiry were infractions of both [then] Rule 25.04 and of constitutional due process of law.

■■■ There was evidence that the defendant was addicted to codeine and that at the time of detention at the county jail prior to the plea, he was on a prescribed regimen of valium and darvocet administered three times a day by the jailer. The defendant contends that he hoarded the supply and consumed an overdose on the day of the plea so that he was then "high" and could not "think straight." The pills were taken in quantity, among other things, to allay a fear instilled by his attorney that the plea was the only alternative to a probable fifty–year sentence upon a trial. [The depressant effect of the pill ingestion on the defendant was confirmed by one Melvin Leroy Tyler, then cellmate, confidante and legal adviser of the defendant.] The terms of neither [then] Rule 25.04 nor of present Rule 24.02 direct the strict requirement that a court examine a defendant as to a narcotic addiction or a recent consumption of a drug before a plea of guilty is accepted.[1] An addiction to narcotics does not per se render the defendant incompetent to enter a plea of guilty. *Jackson v. U. S.*, 512 F.2d 772, 773 (5th Cir. 1975). Nor does the recent ingestion of a drug invalidate a plea of guilty where the ability of the defendant to understand and give free assent to the conviction remained unimpaired. *White v. State*, 490 S.W.2d 672, 674 (Mo.App.1973). The plea procedure shows the defendant was alert, coherent and with an unimpaired faculty to understand. His responses to both the narrative by the prosecutor of the

1. We deem the practice of such an inquiry, however, a sensible aid to the determination of a plea of guilty made voluntarily and given with understanding.

criminal events and inquiry of the court were far from passive—among other responses, the defendant insisted that the court clearly understand that his brother, and not himself, wielded the knife. There would have been no purpose, in any event, of inquiry to counsel whether the defendant was addicted. That was never disclosed to him, as the defendant freely admits. Nor—as the testimony of counsel shows—was there impediment of communication between lawyer and client or any other basis for belief that the defendant was affected by drug use.

These salient facts were all found by the trial court and form the basis of conclusion of law that the plea of guilty was voluntary and understandingly given. The record supports that conclusion amply. *Martin v. State*, 558 S.W.2d 701, 704[4–7] (Mo.App. 1977).

The contention remains that the defendant was denied effective assistance of counsel by numerous instances of neglect: want of investigation, failure to move to suppress evidence, to change the judge and to change the venue of the prosecution. The tone of the professional services by counsel to the defendant was set at the virtual outset of the relationship. The defendant had confessed to the crime and was concerned for his younger brother, also charged for the crime. Counsel appraised it probable that a fifty–year sentence would result from a trial. [The then prosecutor testified on the motion that he was prepared to ask for a seventy–five year sentence.] His jailmate and confidante, Melvin Leroy Tyler, had just been sentenced to a one–hundred–eighty–five year term by a jury. The defendant and counsel discussed the feasibility of a plea, and the defendant agreed he had "a loser" and that jury trial would be a disadvantage. The defendant acceded to a plea negotiation. He was prompted, not only by apprehension of a jury trial but so as to enable him to assist the younger brother, a co–defendant to the crime. In the course of the plea preparation, counsel and client consulted about five times, went over police reports, they discussed the possibility of change of judge or venue—but only

[according to counsel] should a trial become necessary. A plea proposal for two consecutive five--year sentences was settled on between counsel and the prosecutor, given agreement by the defendant, and was recommended to the court—although not in the form of a bargain. The counsel testified on the motion that the litigation never reached the stage of full trial preparation. The court found as fact that the plea rather than a trial was with the decision of the defendant, that the investigation was foregone because the defendant had admitted guilt and chose to avoid trial. The court found as fact, also, that change of venue or judge were contingent upon a trial. In sum, the court found that the curtailment of usual trial preparation was justified in view of the decision to plead guilty.

The effectiveness of counsel is determined by whether performance conformed to the degree of care and skill a reasonably competent counsel renders as to like services under like circumstances—and whether the defendant was prejudiced by any lapse in such a standard of performance. *Seales v. State*, 580 S.W.2d 733, 735[3] (Mo. banc 1979). The burden to prove the contention rests on the defendant. Rule 27.26(f). Once a guilty plea results, the adequacy of representation bears only on whether the plea was made voluntarily and understandingly. *Baker v. State*, 524 S.W.2d 144, 148[4, 5] (Mo.App.1975). The court rested judgment to deny the Rule 27.26 motion on findings of fact which determine each essential issue [contrary to other contention] in favor of the cognate conclusions that counsel rendered effective assistance and the plea of guilty was voluntary and understanding. The findings, conclusions and judgment of the trial court are not clearly erroneous. Rule 27.26(j).

The judgment is affirmed.

All concur.