**Farrell SHEPHERD, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 42306.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 6, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1981.

Kenneth R. Singer, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew Kollias, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

This is an appeal from the denial of an amended Rule 27.26 motion without an evidentiary hearing.

Farrell Shepherd, the movant-appellant, was found guilty by a jury on September 24, 1975 of statutory rape. He was sentenced under the Second Offender Act to a term of thirty-five years in the custody of the Missouri Department of Corrections. The conviction was affirmed by this court. *State v. Shepherd*, 553 S.W.2d 498 (Mo.App. 1977).

The movant's Rule 27.26 motion alleged that movant was denied a jury composed of a fair cross-section of the community due to the systematic exclusion of women from jury service at the time of his trial in 1975.

To substantiate this claim movant filed extensive interrogatories, requested the production of certain documents and requested the appointment of experts. Movant's Rule 27.26 motion also alleged that he was denied effective assistance of counsel in two respects: (1) the failure to raise an objection at trial to the jury panel based on the aforesaid issue of systematic exclusion of women from jury service, and (2) the failure to object to evidence and to cross-examine a witness, offered by the state to prove movant had a prior conviction sufficient to permit him to be sentenced pursuant to the Second Offender Act.

■ The trial court denied movant's Rule 27.26 motion without an evidentiary hearing, concluding that the record showed movant was not entitled to any relief. On this appeal movant challenges the denial of his motion without an evidentiary hearing and challenges the findings of fact and conclusions of law of the trial court. We note at the outset that even if the basis for denying relief by the trial court was not correct, we must affirm the trial court's judgment if sustainable on other grounds. *Tollison v. State*, 556 S.W.2d 455, 457 (Mo. App.1977).

Movant, in his motion, contended that women were systematically excluded from the jury selection system in operation at his trial in the City of St. Louis in 1975. At that trial and in the subsequent appeal movant did not raise the issue of underrepresentation of women due to systematic exclusion.[1]

■ On this appeal from the denial of his motion movant acknowledged that there were five women on the jury at this trial. The court records reveal that of the forty names on the jury array fourteen were feminine names. Movant's motion does not show that an unfair jury was empaneled under the standards enunciated in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58

---

1. This court has recently held that a challenge to a jury venire based on the underrepresentation of a distinctive group of the community cannot be raised for the first time in a brief upon appeal where no timely motion to quash the jury panel was filed. *State v. Phillips*, 596 S.W.2d 752, 755–756 (Mo.App.1980).

L.Ed.2d 579 (1979); *Stamps v. State*, 603 S.W.2d 59 (Mo.App.1980); *Gardner v. State*, 602 S.W.2d 769 (Mo.App.1980). Having failed to make that showing, movant was not entitled to his various discovery requests. Furthermore, movant did not show that the court abused its discretion in not permitting those requests. *Adail v. State*, 612 S.W.2d 6, No. 42393 (Mo.App.1980). The failure to show an unfair jury panel also disposes of movant's contention that his attorney was ineffective for failing to object to the jury panel at trial. *Stamps v. State, supra; Gardner v. State, supra.*

Movant also contended that he was denied effective assistance of counsel at trial because his attorney failed to object to evidence or cross-examine the witness offered by the state to prove that movant came within the purview of the Second Offender Act, § 556.280, RSMo 1969.[2] At movant's trial, outside the hearing of the jury, the court heard the evidence in support of the allegation that movant had a prior conviction for second degree burglary. Records from the Circuit Court of Criminal Causes and the Department of Corrections indicated that movant pleaded guilty to the charge of second degree burglary in 1971, he was sentenced for that offense and was thereafter imprisoned. The trial court found that movant came within the purview of the Second Offender Act.

■■ In a Rule 27.26 motion, the movant has the burden of stating facts upon which he bases his claim for ineffective assistance of counsel. *Pittman v. State*, 604 S.W.2d 638, 639 (Mo.App.1980). The movant is entitled to an evidentiary hearing only if he alleges facts, not conclusions, which if true, warrant relief, if his allegations are not refuted by the files and records of the case and if the matters complained of caused prejudice to the movant. *Tollison v. State*, 556 S.W.2d 455, 457 (Mo. App.1977). If the files and records are conclusive in showing as a matter of law that movant is entitled to no relief an evidentiary hearing is unnecessary. *State v. Choate*, 588 S.W.2d 163, 748 (Mo.App.1979).

■ We believe the trial court was not clearly erroneous in denying movant an evidentiary hearing on the contention of ineffectiveness of counsel for failure to contest the proof of the prior conviction. In his motion, movant asserted that at trial he wanted to contest the prior conviction for second degree burglary and that the records proffered by the state did not clearly reflect whether movant was represented by counsel when he pleaded guilty to that offense. The facts asserted by movant concerning ineffectiveness of counsel are either refuted by the record or, if true, do not warrant relief.

There is no assertion by movant in his motion that he was not convicted of second degree burglary as alleged by the state or that he had not been represented by counsel when he pleaded guilty to that offense. Movant has not specified what his trial counsel should have objected to or what grounds existed for raising an objection. The record of the prior conviction clearly indicated that movant was represented by counsel when he entered his plea. While movant asserted that his trial counsel stipulated to the prior conviction, this is refuted by the record, and the state was required to prove the existence of the prior conviction.

■ In addition, movant testified at his trial for the statutory rape charge, and admitted the prior conviction for burglary and his subsequent imprisonment. This admission of the prior offense is sufficient to support a finding that the Second Offender Act was applicable. *State v. Ryder*, 598 S.W.2d 526, 528 (Mo.App.1980); *State v. McMillan*, 593 S.W.2d 629, 635 (Mo.App. 1980). Under these circumstances, movant cannot now challenge the effectiveness of counsel concerning the proof of the prior conviction. *Turnbough v. State*, 574 S.W.2d 400, 403–404 (Mo. banc 1978); *Nevills v. State*, 605 S.W.2d 202, 203 (Mo.App.1980).

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.

2. § 556.280, RSMo 1969 has been repealed and replaced by § 558.016, RSMo 1978.