Robert Roy **ARDREY**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 42811.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 17, 1981.

James McConnell, Shelbina, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Movant appeals from a judgment denying his Rule 27.26 motion following an evidentiary hearing. He had been convicted in a court-tried case of tampering with a motor vehicle, a felony, in violation of § 560.175.1, RSMo 1969 and sentenced to five years' imprisonment as a second offender.

Movant raises three points on appeal. He claims the trial court erred in not granting post-conviction relief because: (1) the state in the original trial failed to charge and prove movant possessed the intent necessary for the felony of tampering with a motor vehicle; (2) movant's five year sentence was cruel and unusual punishment; and, (3) movant's trial counsel was ineffective. The trial court's judgment was not clearly erroneous and is affirmed. Rule 27.26(j).

■ Movant's first point relied on is that the trial court erred in not vacating his sentence because the state charged, tried and convicted movant of the felony offense of tampering with a motor vehicle, § 560.-175.1, RSMo 1969, although the facts charged and proved constituted a misdemeanor, § 560.175.2, RSMo 1969. The point has no merit.

In essence, movant's first point is that the evidence at his criminal trial was insufficient to support his conviction, a matter for direct appeal from the judgment finding him guilty of the offense. *Hemphill v. State*, 566 S.W.2d 200, 205[8] (Mo. banc 1978); *Achter v. State*, 545 S.W.2d 83, 84–85[2–4] (Mo.App.1976); *Barker v. State*, 505 S.W.2d 448, 449[1, 2] (Mo.App.1974). A Rule 27.26 proceeding may not be utilized as a substitute for direct appeal to challenge the sufficiency of the evidence to support movant's conviction. *Hemphill v. State, supra; Achter v. State, supra; Barker v. State, supra.* Therefore the point is ruled against movant.

■ Movant's second point relied on is that the trial court erred in not vacating his five year sentence because it was cruel and unusual punishment. This point was not raised as a ground for relief in his Rule 27.26 motion nor presented to the trial court at any time during his post-conviction proceeding. An issue not raised in the post-conviction motion and not presented to the trial court for determination will not be reviewed by the appellate court. *Nevills v.*

*State*, 605 S.W.2d 202, 203[2, 3] (Mo.App. 1980); *Whitney v. State*, 585 S.W.2d 315, 316[2] (Mo.App.1979). Movant's second point is ruled against him.

Movant's final point relied on is that the trial court erred in not granting movant post-conviction relief because movant's trial counsel was ineffective. Movant's contention is based upon counsel's asserted failure to research the law to determine the state had not proven felonious tampering with a motor vehicle. The state did prove felonious tampering with a motor vehicle, and movant's trial counsel cannot be charged with ineffectiveness in not perceiving or acting to correct a nonexistent error. *See Day v. State*, 607 S.W.2d 170, 172[2] (Mo. App.1980); *Tollison v. State*, 556 S.W.2d 455, 459[15] (Mo.App.1977). Movant's final point also has no merit.

The judgment is affirmed.

CRIST, P. J., and SMITH, J., concur.