John ASKEW, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31729.

Missouri Court of Appeals,
Western District.

June 2, 1981.

David F. Williams, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

This is an appeal from the denial following an evidentiary hearing of an amended Rule 27.26 motion. The movant, John Askew, Jr., was convicted by a jury on three counts of sodomy and one count of robbery in the first degree. He was sentenced to forty-five years imprisonment. Those convictions were affirmed upon appeal. *State v. Askew*, 570 S.W.2d 798 (Mo.App.1978).

In support of his claim for relief, Askew contends that he was denied effective assistance of counsel in that his attorney (1) failed to file a motion to suppress the lineup in which Askew was identified, (2) failed to request additional time to investigate the possibility of an alibi defense when movant testified to an alibi upon cross-examination, and (3) failed to brief on appeal some of the alleged errors which had been preserved for appeal.

■ Movant further asserts that the trial court erred in disposing of those issues upon their underlying merits rather than considering the alleged omissions as possible indicators of ineffective assistance of counsel. In that regard he is patently mistaken. Following the mandate of the Supreme Court in *Seales v. State*, 580 S.W.2d 733, 736–38 (Mo.1979), and the Eighth Circuit in *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979), and *Reynolds v. Mabry*, 574 F.2d 978 (8th Cir. 1978), this court recently held that the test of effectiveness of counsel is whether the defendant was prejudiced by an attorney's performance which failed to exercise the customary skill and diligence which a reasonably competent attorney exercises under similar circumstances. *Branstuder v. State*, 609 S.W.2d 460, 463 (Mo. App.1980). The burden is on the movant in an action under Rule 27.26(f) to show prejudice. *Id.* The complainant must show, therefore, that a valid and meritorious issue

existed on which defendant could have prevailed. *Brown v. State*, 589 S.W.2d 368, 370 (Mo.App.1979); *Tollison v. State*, 556 S.W.2d 455, 458–59 (Mo.App.1977). Thus the trial court properly considered and disposed of the issues on their basic merits.

■ In his first point Askew contends that his trial counsel failed to seek suppression of an unreasonably and unnecessarily suggestive lineup. He complains that in the four-man lineup he was the only person dressed in clothing similar to the description of the suspect's. He wore the white T-shirt and shorts in which he had been arrested the day after the event. The other men in the lineup wore long pants and dark shirts. Askew was the tallest of the four.

At trial, the identifying victim testified that he had had a good view of the assailant at the time of the crimes. He was able to give a detailed description which led to Askew's arrest the following day. Further, the victim had no difficulty identifying defendant at the lineup the next evening and later at trial. Given such strong indicia of reliability the lineup procedures were not so suggestive as to invalidate the identification. *State v. Charles*, 612 S.W.2d 778 (Mo. 1981); *State v. Carter*, 572 S.W.2d 430, 435 (Mo.1978); *State v. Wells*, 586 S.W.2d 354, 356–57 (Mo.App.1979); *State v. Montgomery*, 588 S.W.2d 80, 82 (Mo.App.1979). Nor may trial counsel be considered remiss for failing to pursue the matter. *Day v. State*, 607 S.W.2d 170, 172 (Mo.App.1980); *Tollison v. State, supra* at 459.

■ Askew's second point is that trial counsel was ineffective in failing to request additional time to investigate a possible alibi defense which the defendant mentioned for the first time upon cross-examination. By his own account at the Rule 27.26 hearing, Askew had never informed his counsel of a possible alibi defense prior to trial because his mother told him he did not need any witnesses. Nor did his mother discuss the issue of alibi with trial counsel until after the jury had retired to consider its verdict. In addition, trial counsel testified that he had not pursued the possibility of an alibi defense because the defendant had

admitted his guilt to another public defender and to the psychiatrist.

An attorney is under an absolute obligation not to present perjured testimony in support of his client. *McNamara v. State*, 502 S.W.2d 306, 308 (Mo.1973); *Bennett v. State*, 549 S.W.2d 585, 587 (Mo.App.1977); *Allen v. State*, 518 S.W.2d 170, 172 (Mo. App.1975). Under the facts of the present case, and in light of defendant's prior admissions, trial counsel had no choice but to reject his client's alibi testimony as perjured.

Askew also asserts that in his original appeal he was not afforded effective assistance of counsel: his appellate attorney failed to pursue two major points which had been properly raised and preserved in the trial court. Counsel in this proceeding recognizes that, as a rule, a motion under Rule 27.26 may not be used to question the effectiveness of the appellate attorney. Counsel states that he did not seek in this action a ruling on the merits of the abandonment on appeal of substantive issues. He sought only consideration by the trial court of appellate counsel's failure to raise the two questions (voluntariness of the confession and sufficiency) along with the other points as they all reflected on the issue of competence of counsel.

The difficulty with that position is twofold: first, Askew's appellate attorney was not the same lawyer as his trial attorney. Although the two lawyers were employees of one public defender's office, they were different individuals acting independently and, presumably, pursuant to two separate appointments. Conceivably the performance of one could have been exemplary and of the next wretched and the one in no way responsible for the other. If the appellate attorney had acted with professional competence on the basis of the record, a defendant nevertheless might in a Rule 27.26 proceeding be able to demonstrate inexcusable neglect and incompetence of trial counsel. Of course, the reverse could as well be true. Clearly, no necessary relationship exists between the respective performances of the two lawyers. The incompetence of one does not prove the incompetence of the other.

Second, in circumstances in which the appellate court is itself the best judge of the appellate lawyer's performance, the trial court may not entertain a Rule 27.26 attack on the effectiveness of appellate counsel. *Morris v. State*, 603 S.W.2d 938, 941 (Mo.1980); *Hemphill v. State*, 566 S.W.2d 200, 207–08 (Mo.1978). In *Hemphill* the Supreme Court said at 208: "The appellate court . . . is in the best position to rule and determine such issues. It is there the briefs are presented, arguments heard and the effect of the conduct of appellate counsel as it bears on the issue of 'ineffective assistance' may best be determined." Only "where an appellate court retains no *unique knowledge* necessary to the disposition of a claim of ineffective assistance of appellate counsel or where an evidentiary hearing may be deemed necessary to the disposition [is] a Rule 27.26 motion . . . the appropriate vehicle for seeking out post conviction relief" based on asserted ineffectiveness at the appellate level.[1] *Morris v. State, supra* at 941. The proper remedy in cases of appellate counsel's delinquency is by motion in the appellate court "to recall the mandate, vacate the sentence of affirmance and redocket the cause for rehearing." *Hemphill v. State, supra.*

The judgment of the trial court is affirmed.

All concur.

---

1. One of the points allegedly improperly handled on appeal was a challenge to the sufficiency of the evidence. Although not directly raised upon appeal, the appellate court concluded that strong evidence of defendant's guilt was adduced at trial, including a signed voluntary confession and the victim's positive recollection of the attack and positive identification of defendant as his assailant. *State v. Askew, supra* at 800–01.