**Veophilus H. BLACK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51333.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 9, 1986.

Motion for Rehearing and/or Transfer Denied Jan. 13, 1987.

Application to Transfer Denied Feb. 17, 1987.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial, after an evidentiary hearing, of his Rule 27.26 motion. We affirm.

Movant's conviction, at a jury trial, for second degree burglary was affirmed in *State v. Black*, 678 S.W.2d 887 (Mo.App. 1984). He seeks to vacate that conviction on the grounds of ineffective assistance of counsel, asserting failure to interview an alibi witness.

The 27.26 trial court made extensive findings of fact and conclusions of law and found movant failed to show trial counsel was ineffective or that his actions prejudiced movant. Our review is limited to a determination of whether those findings and conclusions are clearly erroneous. Rule 27.26(j). To establish ineffective as-

sistance of counsel movant must demonstrate a reasonable probability that but for the claimed error the outcome of his trial would have been different. *Stokes v. State*, 688 S.W.2d 19, 23 [12] (Mo.App. 1985).

As a general rule the decision of which witnesses to put on at trial is a matter of trial strategy and will not result in a finding of ineffective assistance of counsel. *Abrams v. State*, 698 S.W.2d 15, 18 [2] (Mo.App.1985). There is, however, a duty to investigate potential defenses. Movant claims his brother would have testified movant was somewhere else at the time of the crime with which movant was charged. He further claims he told trial counsel about his brother and gave counsel his brother's address and phone number. At the Rule 27.26 hearing trial counsel testified movant was out on bail prior to trial and had been urged by trial counsel to have his brother contact counsel. Trial counsel further testified he was contacted by movant's brother at the beginning of movant's trial and the brother offered to testify movant entered the burglarized house. Movant's brother's proffered testimony would not have made a very effective defense. *See Lockett v. State*, 679 S.W.2d 337, 339–40 [5, 6] (Mo.App.1984). The credibility of witnesses at a Rule 27.26 hearing is for the trial court, and it is not required to believe movant's testimony. *Leigh v. State*, 673 S.W.2d 788, 790 [3, 4] (Mo.App. 1984).

The facts set out above might not satisfy counsel's duty to investigate potential defenses; we do not have to decide that issue because movant told trial counsel he had been driving around with his brother looking for something to steal. The state's evidence at trial, the same statement by movant to the police officer, movant's fingerprint at the scene, and movant's driver's license found at the scene corroborate movant's statement to trial counsel. Any testimony that movant was not at the scene would possibly be perjury and trial counsel had a duty not to knowingly present per-

jured testimony. *Askew v. State*, 617 S.W.2d 642, 644[4] (Mo.App.1981).

Trial counsel attempted to have movant's statement to the police suppressed, met with movant several times, urged movant to have his brother contact him, and his trial strategy resulted in movant's acquittal on an associated stealing charge. We find no error in the trial court's finding movant failed to overcome the presumption of competency of trial counsel, and finding "[t]he conduct of movant's trial counsel in defense of movant did not deprive movant of any substantial rights, nor was movant prejudiced thereby." *Jackson v. State*, 672 S.W.2d 367, 368 [1, 2] (Mo.App.1984).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.