Ronnie DETHROW, Appellant,

v.

STATE of Missouri, Respondent.

No. 53208.

Missouri Court of Appeals,
Eastern District,
Division One.

March 15, 1988.

Lisa K. Clover, Hillsboro, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted of the possession of pentazocine (known on the street as Talwin) and benzphetamine (known as Didrex or Upjohns). These convictions were affirmed on appeal. *State v. Dethrow*, 674 S.W.2d 546 (Mo.App.1984). Movant was also convicted of the possession of other controlled substances; however, those convictions were reversed on appeal and are not germane to this action.

Defendant asserts ineffective assistance of counsel in the failure to introduce at trial two pieces of evidence supporting the theory that movant's female cohabitant had prescriptions for the drugs. We review the record to determine if movant's lawyer was effective, and if not, was movant prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

At movant's trial, his cohabitant testified that a Dr. Crawford prescribed the Talwin and Didrex for her and that she kept the drugs in her jewelry box. Movant says he gave a copy of a prescription for Talwin and a pharmacy vial for Didrex, both made out to his cohabitant, to his lawyer. He argues that if his lawyer had examined the records of the two pharmacies he would have found cogent evidence to introduce at trial to support cohabitant's testimony that the drugs were hers and were legally in her possession. Movant's evidence at the evidentiary hearing consisted of his testimony, his cohabitant's testimony, and a stipulation that on February 25, 1980, cohabitant had gotten 100 tablets of Talwin from the pharmacy.

The Rule 27.26 court explicitly found the testimony of movant and his cohabitant to

be incredible. Further, the court found there was no credible evidence the drugs found in movant's trailer on December 1, 1980, were those dispensed to his cohabitant. The Rule 27.26 court is in the best position to judge the credibility of the witnesses and is not required to believe movant's testimony even if it is uncontradicted. *Black v. State,* 723 S.W.2d 474, 475[2] (Mo. App.1987).

Additionally, at the Rule 27.26 hearing, there was evidence movant's lawyer knew of the prescriptions and that there was a question as to their admissibility. From the evidence, the Rule 27.26 court properly found the prescriptions were not introduced for tactical reasons. *Sanders,* 738 S.W.2d at 858.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.