SEILER, J., dissents for reasons stated in his dissenting opinion in *State v. Duren*, No. 59914, 556 S.W.2d 11.

STATE of Missouri, Respondent,

v.

Emerson E. HARLIN, Appellant.

No. 59913.

Supreme Court of Missouri, En Banc.

Sept. 27, 1977.

Rehearing Denied Oct. 11, 1977.

---

5. The court replied in writing: "To the jury: Read all the written instructions. Judge Hall."

Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Defendant, convicted of robbery first degree (§ 560.135, RSMo Supp. 1975) and sentenced to twenty years of imprisonment, appealed to the Missouri Court of Appeals, Kansas City district. The cause was transferred here prior to opinion as defendant raised issues of constitutional construction falling within the exclusive appellate jurisdiction of this court under Mo.Const. Art. V, § 3, as amended 1976.

For his sole contention defendant charges as error the trial court's failure to quash the jury panel because Missouri's jury selection process, prescribed by Mo.Const. Art. I, § 22(b)[1] and its implementing statute § 494.031(2), RSMo Supp. 1975,[2] systematically excludes women.

■ It is stated in defendant's brief that he had "moved to strike the jury panel . . . as violative of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. A hearing was held and evidence was received." No record appears of such motion having been made prior to or during trial.[3] That being so, the court had no opportunity to correct the alleged error and the point is not preserved for review. *State v. Anderson*, 375 S.W.2d 116, 120[8] (Mo.1964). However, the following appears in the transcript of the hearing on defendant's motion for new trial:

"MR. MERRITT [defense counsel]: If it please the Court, *I made a motion during trial before the jury was sworn* to the effect that—to ask for the quashing of the jury for the reason that the jury panel was unconstitutionally—that is, by

Lee M. Nation, Kansas City, for appellant.

---

1. Mo.Const. Art. I, § 22(b)—"No citizen shall be disqualified from jury service because of sex, but the court shall excuse any woman who requests exemption therefrom before being sworn as a juror."

2. § 494.031, RSMo Supp. 1975—"The following persons shall, upon their timely application to the court, be excused from service as a juror, either grand or petit: . . . (2) Any woman

who requests exemption before being sworn as a juror; . . . ."

3. Shortly before the jury was sworn defendant moved to quash the panel when the state peremptorily struck a number of black veniremen. This motion, not pursued as a point in the case on appeal, was unrelated to his later claim of systematic exclusion of women from the jury process.

the United States Constitution, designed to omit female members. They were allowed to excuse themselves from jury duty. That ruling was over—that motion was overruled by the Court. I did not include that in the motion for new trial. I should have. I would ask the Court to allow the inclusion of that point in the motion for new trial. (Emphasis ours.)

THE COURT: Of course you may."

Following the granting of defendant's oral request to amend his motion for new trial, the court permitted introduction of evidence relative to the Jackson County jury selection system and gender composition of the challenged panel. While the trial court's ruling and its subsequent action permitting the evidentiary hearing more than ten days after verdict runs counter to this court's decision in *State v. Tucker*, 451 S.W.2d 91 (Mo.1970) and Rule 27.20(a), such action is supportive of defendant's assertion that he had in fact moved to quash before the jury was sworn, the transcript reveals no such pretrial motion. If defendant believed the transcript deficient in that regard, it was incumbent upon him to bring such deficiencies to the attention of the trial court under Rule 81.12 affording it the opportunity to correct such omissions and misstatements, or point out such deficiencies to the appellate court following filing of the transcript there. Having failed so to do, defendant's contention is denied since matters contained in appellant's brief or elsewhere, but not incorporated in or made a part of the officially approved transcript, may not be considered on appeal. *State v. Burrington*, 371 S.W.2d 319 (Mo.1963). Nevertheless, because of the above described matters occurring in connection with defendant's motion for new trial, we examine for plain error under Rule 27.20(c).

■ Defendant contends that Mo.Const. Art. I, § 22(b), and its implementing stat-ute, § 494.031(2), RSMo Supp. 1975, permitting women the option of declining jury service, have been rendered invalid by the decision of the United States Supreme Court in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). There the Court struck down provisions of the Louisiana Constitution and its implementing statute requiring women to file a written declaration with the clerk of the district court expressing their desire or intent to be subject to jury service before their names would be included in jury wheels or panels. The question, of whether the cited Missouri constitutional provision and its implementing statutory section are facially valid after *Taylor*, was fully considered and ruled against what is essentially this defendant's contention, in the companion case *State v. Duren*, No. 59914, 556 S.W.2d 11 (Mo.banc 1977), decided this date.

■ The only question remaining is whether from the evidence it has been shown that under the Jackson County jury selection process the *resulting* criminal venires were not "representative of the community" and were "almost totally male", as those constitutional requirements have been delineated in *Taylor*. Though proof of Jackson County's population gender distribution is essential to compare those figures against women's percentage representation in jury wheel and panels, this indispensable proof is missing. Without it defendant is unable to demonstrate the system failed to meet the community cross section requirement of *Taylor*. Neither was there evidence concerning gender composition of the jury wheel or panels before or following the week of trial. The only statistical data offered relate to the number summoned and those appearing during the week of trial,[4] which falls far short of the proof required.

4. Of 227 persons summoned during the week of trial, 59 (or 26%) were women and of the 108 persons who appeared, 10 (or 9.2%) were female. Defendant also alleges in his brief that his panel of 37 included 5 (or 13.5%) women and his jury of 12 included 2 (or 16.66%) women, but these statements are not supported by the record.

Defendant failed to establish a constitutional challenge to either the facial validity of the Missouri jury selection process or the consequences of that system as demonstrated in the jury venires of Jackson County. We find no error, and nothing suggestive of manifest injustice requiring a determination of plain error.

Judgment affirmed.

MORGAN, C. J., and BARDGETT, HENLEY, FINCH and DONNELLY, JJ., concur.

SEILER, J., dissents for reasons stated in his dissent in *State v. Duren*, No. 59914, 556 S.W.2d 11.