## HARLIN v. MISSOURI

No. 77–6062.   Decided January 15, 1979

PER CURIAM.

On appeal of his criminal conviction to the Supreme Court of Missouri, petitioner contended that his constitutional right to a jury drawn from a fair cross section of the community had been denied by provisions of Missouri law allowing any woman who so elects to be excused from jury service.  See Mo. Const., •Art. 1, § 22 (b) ; Mo. Rev. Stat. § 494.031 (2) (Supp. 1975).  The record did not reflect that petitioner had raised this objection in timely fashion in the trial court, but because the trial court had considered and rejected the contention on its merits in connection with petitioner's motion for a new trial, the Missouri Supreme Court reviewed the issue under its "plain error" rule.  Relying on its decision in State v. Duren, 556 S. W. 2d 11 (1977), that court rejected petitioner's contention that the challenged provisions are invalid because they systematically exclude women from the jury-selection process.   556 S. W. 2d 42, 44 (1977).  The highest state court having reached and decided this issue, its judgment is subject to review in this Court.   See Jenkins v. Georgia, 418 U. S. 153, 157 (1974).  The petition for certiorari is granted.  The motion for leave to proceed in forma pauperis is granted.  The

judgment below is vacated, and the case is remanded for reconsideration in light of *Duren* v. *Missouri, ante,* p. 357.

*So ordered.*

Mr. Justice Rehnquist dissents.

Mr. Justice Powell, concurring in the judgments.*

As I noted in my concurrence in *Hankerson* v. *North Carolina,* 432 U. S. 233, 246 (1977), the Court's attempt to fashion a satisfactory retroactivity doctrine in the years since *Linkletter* v. *Walker,* 381 U. S. 618 (1965), has not succeeded. I adhere to the view expressed in *Hankerson* that the wisest approach to this problem is that outlined by Mr. Justice Harlan in *Mackey* v. *United States,* 401 U. S. 667, 675–702 (1971). That approach "contemplates, in rough outline, that courts apply a new rule retroactively in cases still pending on direct review, whereas cases on collateral review ordinarily would be considered in light of the rule as it stood when the conviction became final." *Hankerson, supra,* at 248. As all of these cases are before us on direct review, the application to them of the principles announced in *Taylor* v. *Louisiana,* 419 U. S. 522 (1975), and *Duren* v. *Missouri, ante,* p. 357, is proper. Accordingly, I concur in the judgments of the Court.

---

*[This opinion applies also to No. 77–6066, *Lee* v. *Missouri;* No. 77–6068, *Minor* v. *Missouri;* No. 77–6553, *Arrington* v. *Missouri;* No. 77–6701, *Burnfin* v. *Missouri;* and No. 77–7012, *Combs* v. *Missouri,* all *post,* p. 461.]