BROOM, Justice,
for the Court:
Constitutionality of the Mississippi alimony statute, as it existed prior to the 1979 amendment, is raised on this appeal from the Chancery Court of Jackson County. By decree dated August 6, 1979, the lower court, without assessing any penalty or punishment, found appellant Oliver D. Walker in contempt of court for failure to pay medical bills previously decreed by the court. The decree ordered him to continue paying alimony of $60 weekly. We affirm.
The original divorce decree, entered in this cause on March 7, 1972, after over thirty years of marriage, ordered appellant to pay his wife, appellee Dempsie C. Walk *503 er, $60 per week alimony as per an agreement of the parties (no appeal was taken). At that time, our alimony statute, Mississippi Code Annotated § 93-5-23 (1972), provided that chancery courts may enter decrees providing “alimony for the wife ...” but made no provision for alimony payable to a husband. Appellant, now remarried, relies upon Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979) which held unconstitutional the Alabama alimony statute based upon gender.
As pointed out by appellee who is now about sixty years of age, since entry of the original decree providing her alimony, the matter has been brought before the lower court in several subsequent proceedings in which the appellant has attempted to defeat or reduce the alimony award. In these sübsequent proceedings (contempt and modification hearings) he failed to aver the unconstitutionality of § 93-5 -23 until July 28, 1979, when he answered his former wife’s (appellee’s) petition to cite him for contempt on account of his failure to comply with the lower court’s orders. At that time he charged that § 93-5-23 “violates the equal protection clause of the fourteenth amendment” to the U.S. Constitution. Not only did the appellant, in his pleadings related to the original decree and several subsequent proceedings based thereon, fail to attack the constitutionality of our alimony statute, but he also sought no alimony or support for himself.
After careful study of the record and briefs before us, we conclude that appellant’s challenge to § 93-5-23, as it existed prior to its amendment in 1979 on constitutional grounds, is untimely. This is true because he voluntarily consented to the decree, made no constitutional challenge when the decree was rendered, took no appeal from the decree, and made no challenge until years later when his wife sought to have him held in contempt for failure to pay medical bills previously ordered. We hold that he lacks standing to assert the constitutionality issue where (as here) he agreed to the decree, acquiesced in it, and took no appeal when it was rendered. The appellant had ample opportunity to raise the constitutional issue during the trial in 1972 when the alimony was ordered rather than wait until years later.
Our ruling here is not contrary to Orr, supra, because in it the U.S. Supreme Court made it clear that we might hold, as we do, that the constitutional issue is not properly before us. The following language of Justice Brennan excerpted from Orr, supra, at 440 U.S. 274-5, 99 S.Ct. 1109, 59 L.Ed.2d 315-6, clearly recognizes that our present decision is within Orr’s rationale:
A second preliminary question concerns the timeliness of appellant’s challenge to the constitutionality of the statutes. No constitutional challenge was made at the time of the original divorce decree; Mr. Orr did not interpose the Constitution until his ex ■ wife sought a contempt judgment against him for his failure to abide by the terms of the decree. This unexcused tardiness might well have constituted a procedural default under state law, and if Alabama had refused to hear Mr. Orr’s constitutional objection on that ground, we might have been without jurisdiction to consider it here. (Reference omitted).
But in this case neither Mrs. Orr nor the Alabama courts at any time objected to the timeliness of the presentation of the constitutional issue. Instead, the Alabama Circuit and Civil Appeals Courts both considered the issue to be properly presented and decided it on the merits. See 351 So.2d [904] at 905; App to Juris Statement 22a. In such circumstances, the objection that Mr. Orr’s complaint “ ‘comes too late’ ... is clearly untenable. .. . [SJince the state court deemed the federal constitutional question to be before it, we could not treat the decision below as resting upon an adequate and independent state ground even if we were to conclude that the state court might properly have relied upon such a *504 ground to avoid deciding the federal question.” Beecher v. Alabama, 389 U.S. 35, 37 n. 3, 88 S.Ct. 189, 19 L.Ed.2d 35 (1967). This is merely an application of the “elementary rule that it is irrelevant to inquire . .. when a Federal question was raised in a court below when it appears that such question was actually considered and decided.” Manhattan Life Ins. Co. v. Cohen, 234 U.S. 123, 134, 34 S.Ct. 874, 58 L.Ed. 1245 (1914). Accord, Harlin v. Missouri, 439 U.S. 459, 99 S.Ct. 709, 58 L.Ed.2d 733 (1979); Jenkins v. Georgia, 418 U.S. 153, 157, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974); Raley v. Ohio, 360 U.S. 423, 436, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959). (Reference omitted).
Justice Brennan in Orr cites Charles Alan Wright’s Law of Federal Courts to support this position. Apposite language of § 107. Law of Federal Courts, pp. 541 -542 (3d ed. 1976) reads:
The timeliness with which the federal question is raised in the state court is critical. This is largely a matter for the state to regulate by its own procedural rules. Failure to raise the question at the stage of the proceedings required by state law will preclude review, unless the state rule is regarded as an attempt to evade decision of the federal question or permits no fair opportunity to assert the question.
Accordingly, we do not reach the constitutional issue which is so untimely asserted by the appellant. Even if we were required under Orr to hold § 93-5-23 unconstitutional, our decision would not be retrospectively applied, and we would affirm. Harrell v. State, 386 So.2d 390 (Miss.1980).
It appearing that the appellee has applied to this Court for reasonable attorney’s fees, and the record showing that the lower court allowed her $150 attorney’s fees, one-half that sum will be allowed her here in connection with this appeal.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFFER, JJ., concur.
PATTERSON, C. J., takes no part.