Allen Lee HALL, Petitioner-Appellant,

v.

Lou V. BREWER, Respondent-Appellee.

No. 80–2195.

United States Court of Appeals,
Eighth Circuit.

Submitted May 22, 1981.

Decided Aug. 17, 1981.

State Appellate Defender's Office, Patrick R. Grady, argued, Des Moines, Iowa, for petitioner-appellant.

Before HEANEY and BRIGHT, Circuit Judges, and HARRIS,* Senior District Judge.

OREN HARRIS, Senior District Judge.

This is an appeal from the denial of Allen Lee Hall's application for a writ of habeas corpus by the federal district court.[1]

Hall was convicted of first-degree murder in Jasper County, Iowa, in 1972, and sentenced to life imprisonment. Upon appeal to the Iowa Supreme Court, his conviction was affirmed. *State v. Hall*, 214 N.W.2d 205 (Iowa 1974). He subsequently filed a petition for writ of habeas corpus in federal district court, which was dismissed for failure to exhaust state remedies. Hall then filed for post-conviction relief in the Iowa District Court. The trial court dismissed the action without appointing counsel and Hall appealed. The Iowa Supreme Court reversed and ordered that counsel be appointed. *Hall v. State*, 246 N.W.2d 276 (Iowa 1976). Counsel was appointed to represent Hall and a new application for post-conviction relief was filed on April 18, 1977. The new application raised three grounds for relief:

1. That Hall's oral statements to officers were admitted in violation of his right to remain silent and access to counsel.

2. Ineffectiveness of counsel on direct appeal.

3. That the trial court had erred in refusing a defense instruction on insanity.

A hearing was never held, and relief was subsequently denied by docket entry. Petitioner did not attempt to appeal. The appeal time ran on December 30, 1977, and on March 1, 1978, Hall filed his petition for habeas corpus in federal district court. The

---

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, argued, Asst. Atty. Gen., Des Moines, Iowa, for respondent-appellee.

* Oren Harris, Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge, Southern District of Iowa.

defendant raised the issue of deliberate bypass in his answer. The issue was briefed and parties agreed to waive a hearing on the issue. The district court found that petitioner had deliberately bypassed his right to appellate review of the trial court's denial of his application for post-conviction relief. The district court also held that the challenge to the oral statements had been procedurally waived and the Iowa Supreme Court's holding on the jury instruction issue did not violate due process.

The controlling standard in determining whether a petitioner deliberately bypassed his state remedies is whether the petitioner made a "considered choice" to waive the federal claim in state court. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Rinehart v. Brewer*, 561 F.2d 126 (8th Cir. 1977). A choice made by counsel not participated in by the appellant does not automatically bar habeas review. *Fay v. Noia*, supra; *Rinehart v. Brewer*, supra.

Applying this standard to this case, the court finds that Hall did not deliberately bypass the state courts. A state petitioner who is seeking federal habeas corpus relief must exhaust state remedies by giving state appellate courts a fair opportunity to rule upon the claims to be presented in the federal petition. *Harkins v. Wyrick*, 589 F.2d 387 (8th Cir. 1979); *Greenhaw v. Wyrick*, 472 F.Supp. 730 (W.D. Mo.1979). If petitioner has failed to exhaust his state remedies by any available procedure, then a writ of habeas corpus shall not be granted. 28 U.S.C. § 2254(b) and (c).

In this case there is no indication that the state trial court ever held a hearing on the issues raised in Hall's application for post-conviction relief. The state trial court also denied the application by docket entry. Counsel for the respondent concedes that Hall's attorney was probably incorrect in advising Hall that an appeal would be fruitless. Counsel for the respondent has also indicated that the failure of the trial court to make specific findings of fact, and express conclusions of law relating to each issue presented in Hall's post-conviction ap-

plication, as required by Section 663A.7, Code of Iowa (1975), could be found to be a "sufficient reason" to permit the state court to entertain a new post-conviction application. If Hall follows the appropriate and necessary procedures, he may very well find that he will be able to raise before the Iowa Court every issue presented to the federal court in his habeas petition.

This court has recognized that under certain circumstances the federal courts on a habeas petition should consider those contentions which have already been exhausted in state proceedings. Notwithstanding the fact that some issues in the petition have not yet been considered in the state court, that rule is not applicable here. *Blunt v. Wolff*, 501 F.2d 1138 (8th Cir. 1974). The unresolved, already exhausted issues presented to the federal court are interrelated and intertwined with the unexhausted claims. We think the correct procedure for us to follow in this case is to permit the state court to have the opportunity to pass on the issues presented in petitioner's application for post-conviction relief and, if the state court finds Hall's claims are meritorious, to afford him full and effective relief unrestrained by any determination made by the federal district court on an issue that possibly can still be presented to the state forum. *Blunt v. Wolff*, supra.

Since the federal district court considered certain claims as exhausted as though there had been a valid appeal in state court, that part of the court's decision should be set aside.

Accordingly, we remand this case with instructions to enter a dismissal of the action without prejudice because the appellant has failed to exhaust his state remedies. Hall should not be foreclosed by the federal judgment from presenting any of his claims to the Iowa courts.