Eddie BRUNSON, Petitioner,

v.

Gerald R. HIGGINS, Respondent.

No. 81-0545-CV-W-1.

United States District Court,
W. D. Missouri, W. D.

March 24, 1982.

Memorandum and Order April 2, 1982.

On Reinstatement of Denial of Petition
for Habeas Corpus July 6, 1982.

Eddie Brunson, pro se.

John Ashcroft, Atty. Gen., State of Mo., Jay D. Haden, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

This habeas corpus case under 28 U.S.C. § 2254 currently pends on the Court's order of January 18, 1982 directing respondent to further supplement its response to the order to show cause issued on July 2, 1981.

The July 2, 1981 order granted petitioner leave to proceed *in forma pauperis* and directed respondent to show cause in writing why the relief requested in the petition for writ of habeas corpus should not be granted.

Respondent's September 14, 1981 response to the Court's order to show cause is in two parts: first, a statement as to exhaustion of State remedies and second, an argument as to why a writ of habeas corpus should not be granted.

As required by statute, *see* 28 U.S.C. § 2254(b), we will first consider (1) whether "the appellant has exhausted the remedies available in the courts of the State." That question will be answered in the affirmative. Then, (2) the merits of the petition for writ of habeas corpus will be examined. The petition will be denied pursuant to 28 U.S.C. § 2254(d).

### I.

Respondent's September 14, 1981 statement as to exhaustion of State remedies indicates that the three points raised in the pending petition were raised in a motion to vacate judgment and sentence pursuant to Rule 27.26, V.A.M.R. in the Circuit Court of Jackson County, Missouri. That Court overruled the motion on April 16, 1980.

Petitioner appealed to the Missouri Court of Appeals, Western District. A copy of the Notice of Appeal was furnished this Court by petitioner on January 18, 1982 in a *pro se* filing denominated "Traverse To The Return." The Notice of Appeal indicates that it was filed in the Missouri Court of Appeals on May 28, 1980. The "Traverse To The Return" also enclosed a copy of a letter dated May 29, 1980 from Albert A. Reiderer, Esq. to Eddie Brunson, which reads as follows:

Dear Mr. Brunson:

Enclosed please find a copy of the Notice of Appeal which I have filed in your case. I still look forward to hearing from you as to whether or not you are going to retain counsel or wish me to go ahead on this appeal and forma pauperis. As you can see from reading the Notice of Appeal, the Judge has granted you leave to proceed in forma pauperis and I have perfected the appeal in that manner. If you have any questions, please write to me.

Yours very truly,
Albert A. Riederer

Respondent's Exhibit "E" is an order of the Missouri Court of Appeals, Western District dated June 23, 1980, dismissing the appeal in accordance with respondent's motion "for failure to timely file the notice of appeal in accordance with Rule 81.04." Rule 81.04, V.A.M.R. indicates that "No . . . appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."

It appears that the Notice of Appeal was filed one day late. The order further indicates on its face that the "dismissal is without prejudice to defendant's right to request special leave of this Court to file a Notice of Appeal out of time pursuant to Rule 30.03."

■ Respondent argues that because the appeal was dismissed, petitioner has not exhausted his available State remedies, citing *Chavez v. Sigler*, 438 F.2d 890, 892 (8th Cir. 1971) and *Williams v. Missouri Depart-*

*ment of Corrections,* 463 F.2d 993, 995 (8th Cir. 1972). Those cases are inapposite. Section 2254(c) of Title 28 indicates that:

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any *available procedure,* the question presented. (Emphasis added)

The question is whether petitioner currently has an "available procedure" to present his claims to the State courts. Respondent recognizes that the last date on which a Rule 30.03 V.A.M.R. motion could have been filed was on May 26, 1981. A Rule 30.03 motion is therefore no longer "available."

█ The following additional argument is presented by respondent at page 3 of the response to the order to show cause:

As a matter of fact, petitioner should be required to request leave to file a late notice of appeal in any event, for the Supreme Court of Missouri is always free to modify its own procedural rules, and must be given an opportunity to do so in this case.

This unsupported contention apparently refers to the Missouri courts' discretion under Rule 84.08, V.A.M.R., to consider the merits of an out-of-time filing when justice so requires. However, that possibility does not in any way preclude a finding of exhaustion. *Powell v. Wyrick,* 657 F.2d 222 (8th Cir. 1981), recently followed in *Adail v. Wyrick,* 671 F.2d 1218 at 1219 (8th Cir. 1982) (per curiam).

█ Alternatively, respondent asserts that petitioner's failure to avail himself of the previously available State remedy of appeal of the Rule 27.26 motion establishes a "deliberate bypass," citing *Francis v. Henderson,* 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976) and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In a memorandum and order dated December 22, 1981, we stated as follows:

[R]espondent is directed to the recent case of *Hall v. Brewer,* 656 F.2d 364, 366 (8th Cir. 1981), which states the "controlling standard" as to whether petitioner has "deliberately bypassed" available State remedies as whether he made "a considered choice" to waive his federal claim in State court. The mere failure of petitioner to have filed a timely Notice of Appeal will not establish a "deliberate bypass." *Humphrey v. Cady,* 405 U.S. 504, 516, 92 S.Ct. 1048, 1055, 31 L.Ed.2d 394 (1972); *Jones v. Shell,* 572 F.2d 1278, 1280 n.3 (8th Cir. 1978); *Cain v. Missouri,* 518 F.2d 1180 (8th Cir. 1975).

On January 11, 1982 respondent filed a supplemental response to the Court's order to show cause indicating those facts which respondent contends establish a "deliberate bypass." In an order of January 18, 1982 we stated as follows:

Respondent contends the following facts establish a "deliberate bypass:"

The last date on which a motion for leave of court to file a late notice of appeal would have been timely pursuant to Rule 30.03, V.A.M.R., was May 26, 1981. Petitioner waited until approximately *one month after that date* had passed and, on June 29, 1981, filed the instant petition for writ of habeas corpus. Respondent contends that this delay is not coincidental.

Respondent has cited no authority to support the contention that those facts, standing alone, may establish a deliberate by-pass. *Hall v. Brewer,* 656 F.2d 364 (8th Cir. 1981), holds to the contrary, as does *Humphrey v. Cady,* 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972). Respondent will therefore be provided with an additional opportunity to state additional facts or cite legal authority to support its contention that petitioner has deliberately bypassed State remedies.

In the supplemental response of January 28, 1982, respondent concedes that *Hall v. Brewer* holds that failure to file a notice of appeal from a state court conviction does not, in and of itself, establish a deliberate bypass of state remedies. However, respon-

dent would have this Court distinguish *Hall v. Brewer* on the basis that in *Hall*, the motion for postconviction relief in the Iowa state court was dismissed by means of a docket entry, without a hearing. That is an inappropriate basis for distinguishing *Hall*. While it may be true that the summary disposition of a motion for postconviction relief will lend support to a finding that the failure to appeal therefrom was not the result of a "deliberate choice" to waive federal claims in state court, a finding of "deliberate bypass" may not be made unless there is evidence in the record that the petitioner "knowingly and deliberately waived the appeal." *Jones v. Shell*, 572 F.2d 1278, 1280 n.3 (8th Cir. 1978). No such evidence has been presented to this Court despite the clear and sufficient opportunity which this Court afforded respondent to do so. In petitioner's *pro se* "Traverse To The Return, at page 2, petitioner states "that he informed his attorney as soon as he learned that his (Rule 27.26) motion was overruled that he wanted to appeal the Judges [sic] decision. Petitioner also contend [sic] that he never deliberately bypassed his state remedy." On the basis of the full and complete record before this Court, it would not be possible to sustain any finding of "deliberate bypass." Accordingly, we hold that petitioner did not deliberately bypass available State remedies by failing to file a Rule 30.03 V.A.M.R. motion in State court before filing his petition in this Court.[1]

## II.

Petitioner raises three grounds to support the petition for writ of habeas corpus.

Those grounds are: (a) denial of Sixth Amendment right to effective assistance of counsel; (b) denial of equal protection and due process of law, and (c) the information under which defendant was convicted was fatally defective.[2]

Section 2254(d) of Title 28 United States Code states the rule to be applied in proceedings under Section 2254(a), that findings of fact reliably found after a full and fair hearing in State court shall be presumed to be correct unless one of eight enumerated factors is found to exist. *See Smith v. Phillips*, —— U.S. ——, 102 S.Ct. 940, 71 L.Ed.2d 78 (1981); *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). In the Rule 27.26 motion in the Circuit Court of Jackson County, petitioner had a full and fair hearing in which he was represented by competent counsel and permitted to introduce any and all evidence pertinent to his claims as presented in this Court. Those factual findings are set out in written Findings of Fact and Conclusions of Law supporting the Circuit Court's judgment and the transcript of the hearing before that court on the Rule 27.26 motion is before this Court as respondent's Exhibit "H." None of the eight factors enumerated in Section 2254(d) are present and therefore the factual findings of the Circuit Court will be presumed to be correct. Under the circumstances there is no necessity for any additional evidentiary hearing. *Toler v. Wyrick*, 563 F.2d 372, 373 (8th Cir. 1977). The particular findings of the Circuit Court will be noted as they bear upon the specific grounds for relief raised by petitioner.

---

1. Apparently there is some confusion on the part of respondent as to when *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and the "cause and prejudice" standard applies, and when *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and the "deliberate bypass" standard applies. That is a question that in some cases may pose substantial difficulty. However, it has been the rule in this Circuit since *Rinehart v. Brewer*, 561 F.2d 126, 130 n.6 (8th Cir. 1977) that the "cause and prejudice" standard of *Wainwright* applies only to procedural defaults that occur during trial. In this case we deal with a failure to appeal and not a question of trial tactics.

2. In petitioner's filing denominated "Traverse To The Return," page 2, paragraph 3, petitioner adds the allegation not stated in the petition for habeas corpus relief that "the search and seizure pursuant to his arrest was illegal." Petitioner had an opportunity for full and fair litigation of the Fourth Amendment claim. *See* Exhibit "F" at 4–37. Accordingly, petitioner may not collaterally attack the state court conviction in this Court on that ground. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

## A.

■ Petitioner's first ground is that he was denied effective assistance of counsel. Each of the allegations in support of this ground were raised in the Circuit Court. Those allegations are as follows: (1) failure to investigate witness Larry Fuller, who could testify about ownership of a ring Brunson was alleged to have stolen; (2) counsel was totally unprepared for trial and did not talk to defendant until day of trial; and (3) trial counsel allowed defendant to be impeached by conviction still on appeal. As to the first allegation, the Circuit Court found and concluded:

Larry Fuller did not testify at this hearing and it is pure speculation as to what he might have testified to had he testified at the trial. In fact there is no evidence that a Larry Fuller was available then or now and just what his testimony would have been. When there is an allegation that defense counsel did not interview or produce a certain witness, it must be shown that the evidence which could have been uncovered would have been helpful to the defendant. *Aikens v. State*, 549 S.W.2d 117 (Mo.App.1977). Movant has failed to meet his burden in this allegation in that he has failed to prove that a fuller investigation would have improved his trial position and that he was prejudiced.

The record fully supports the finding that petitioner did not establish that Fuller was available and what his testimony would have been. Moreover, the Circuit Court properly applied the federal standard in this Circuit in concluding that petitioner did not shoulder his burden of establishing prejudice to his defense. *See Aikens v. State, supra* at 120–21, *citing McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974).

With regard to the second allegation, the Circuit Court reviewed the evidence and concluded as follows:

By taking judicial notice of its records in Cause No. C47825 the *State of Missouri vs. Eddie Brunson*, the underlying criminal case of the instant motion, the Court finds that the Jackson County Public De-

fender's Office was appointed to defend the action on 10/9/75. Movant testified that he was in the custody of the Missouri Department of Corrections serving a sentence on an unrelated conviction at the time of the trial in C–47825; that he was brought to the Jackson County Jail on the Friday before trial and did not see his counsel, Peter Sterling, until an hour or so before trial the following Monday. Mr. Sterling testified that he had read the Public Defender's files in the case which included all of the discovery from the State and had access to the notes of the previous Public Defender assigned the case, Mr. Mark Bryant. Mr. Sterling indicated that he visited the crime scene and attempted to contact the victim who had moved and was not able to see her until the day of the trial. He testified that he was adequately prepared for trial and neither he nor his client, the movant, requested a continuance. Movant failed to meet his burden that he was deprived of a fair trial by the inadequate preparation of counsel.

The Circuit Court fairly analyzed the record and reached an appropriate conclusion, applying the appropriate federal constitutional standard. *See McQueen, supra.* Our examination of the trial transcript, *see generally* Exhibit "F," confirms the conclusion of the Circuit Court. The only possible prejudice that might have been shown relates to the evanescent Fuller, and the factual findings already cited preclude a finding of prejudice as to Fuller. Of course, this treatment of the issue presented in this Court is not intended in any way to mitigate the Court's continuing concern for the adequacy of trial preparation in criminal cases, *see Goodwin v. Swenson*, 287 F.Supp. 166 (W.D.Mo.1968), or to condone the lack of preparation that apparently gave rise to these proceedings.

In light of the finding that petitioner was not deprived of his right to a fair trial and the specific finding of the Circuit Court, fully supported by the record, that petitioner was not prejudiced in any way by the alleged impeachment by a conviction still on

appeal, petitioner's third allegation does not state a ground for habeas corpus relief in this Court.[3]

### B.

Petitioner's second ground, that he was denied due process and equal protection of the law, essentially recasts the first ground. The petition states in support of the second ground the same allegation cited in subsection B, *supra.*

We find this ground to be without merit for the reasons already stated in regard to the first ground, subsection A, *supra.*

### C.

■ Petitioner's third ground relates to an alleged deficiency in the information. The Circuit Court stated:

> Movant failed to produce any evidence at the hearing on this issue or to point out to the Court any defect in the information. The Court by taking judicial notice of the information in Cause C–47825 finds no defect in said information. This allegation is without merit.

We fully agree. *See* Exhibit "F" at 2–3.

### III.

For the reasons stated, it is

ORDERED that the petition for writ of habeas corpus should be and is hereby denied.

### MEMORANDUM AND ORDER

On March 24, 1982, this Court entered its order denying petitioner's application for a writ of habeas corpus. In footnote 3 of our memorandum opinion supporting that order we considered a ground added by petitioner in a "Traverse To The Return" which contended that the petitioner had been denied effective assistance of counsel because of counsel's failure to move to strike the jury panel because of the voluntary exclusion of women from the panel. See *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

Consideration of a similar question presented in another pending application for habeas corpus, *Larabee v. Wyrick,* No. 82–0050–CV–W–1–R, created a doubt in regard to whether our determination of the *Duren* question was proper in the above case and whether it may be necessary to take additional testimony, to amend the findings of fact and conclusions of law heretofore stated or to make new findings and conclusions and thereafter to direct the entry of a new judgment, as authorized by Rule 59(a) of the Rules of Civil Procedure.

---

**3.** In the "Traverse To The Return" filed January 18, 1982 at page 2, petitioner adds the ground not stated in the petition that petitioner "was denied effective assistance of counsel because his trail [sic] counsel did not move to strike the jury panel because of the voluntary exclusion of women from the panel." That same ground was raised in the Circuit Court on the Rule 27.26 motion. The Circuit Court concluded that no prejudice could be shown because, citing *Harlin v. Missouri,* 437 U.S. 459, 99 S.Ct. 709, 58 L.Ed.2d 733 (1979), "the *Duren* rule on the exclusion of women from jury duty would be retroactively applied only on cases still on direct review." That is an erroneous statement of the law, although it may be a correct statement of Justice Powell's concurrence in *Harlin. Id.* at 460. *Lee v. Missouri,* 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979) specifically held regarding the *Duren* rule that "the considerations that have led us in other cases to depart from full retroactive application of constitutional holdings, *see,* e.g., *Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct.

1967, 1970, 18 L.Ed.2d 1199 (1967), are inapplicable to juries sworn after the decision in *Taylor v. Louisiana.*" The decision in *Taylor* was rendered on January 21, 1975, see 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), and the jury was sworn in this case on July 12, 1976. *See* Exhibit "F." However, the Circuit Court further noted:

> No evidence was presented at the trial or at this hearing concerning these issues. Defense counsel testified that he had only been a member of the Jackson County Public Defender's office for about a month when he tried this case. He stated he believed that the statistical evidence for a *Duren* motion was being compiled by the Public Defender's office at that time but that it apparently was not complete as it had not been presented in any case to date to his knowledge.

. Under these facts just stated, this Court cannot conclude with the aid of hindsight that counsel was ineffective for failing to raise the *Duren* motion at the time of trial.

222

For the reasons stated, and acting on our own initiative as authorized by Rule 59(d) of the Rules of Civil Procedure within ten days after the entry of the judgment in this case, we have concluded that a new trial should be granted.

For the reasons stated it is

ORDERED (1) that petitioner should be and is hereby granted a new trial for the reasons stated above. It is further

ORDERED (2) that this Court's March 24, 1982 order denying petitioner's application for a writ of habeas corpus should be and is hereby vacated and set aside. It is further

ORDERED (3) that orders directing further proceedings in this case and in *Larabee v. Wyrick* will be entered after the Court gives further consideration to the questions presented.

## ON REINSTATEMENT OF DENIAL OF PETITION FOR HABEAS CORPUS

### I.

*Brunson v. Higgins*, No. 81–0545–CV–W–1–R, currently pends on this Court's Memorandum and Order dated April 2, 1982, wherein the Court, acting on its own initiative pursuant to Rule 59(a) of the Rules of Civil Procedure, entered its orders granting petitioner Brunson a new trial, vacating its order of March 24, 1982 denying Brunson's application for writ of habeas corpus, and holding *Brunson* and *Larrabee v. Wyrick*, No. 82–0050–CV–W–1–R, open for orders to be entered directing further proceedings. We have now given full consideration to the *Duren* question presented in *Brunson* and for the reasons stated below reinstate our March 24, 1982 order denying petitioner's application for writ of habeas corpus.

### II.

■ As recited in footnote three of our March 24, 1982 memorandum and order in this case, petitioner Brunson, in a *pro se* filing denominated "Traverse to the Return," added the ground not stated in his petition that he "was denied effective assistance of counsel because his trial counsel did not move to strike the jury panel because of the voluntary exclusion of women from the panel." The jury was sworn in *Brunson* on July 12, 1976, more than one year after the Supreme Court decision was rendered in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

That ground for issuance of the writ, first raised in the Missouri Rule 27.26 proceeding in the Circuit Court of Jackson County, was denied therein for the reason that "the *Duren* rule on the exclusion of women from jury duty would be retroactively applied only on cases still on direct review." We concluded in footnote three that that statement was erroneous in light of *Lee v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979), and we adhere to that view. The Circuit Court also made the following findings:

No evidence was presented at the trial or at this hearing concerning these issues. Defense counsel testified that he had only been a member of the Jackson County Public Defender's office for about a month when he tried this case. He stated he believed that the statistical evidence for a *Duren* motion was being compiled by the Public Defender's office at that time but that it apparently was not complete as it had not been presented in any case to date to his knowledge.

We concluded in footnote three of our March 24, 1982 memorandum opinion that "under the facts just stated, this Court cannot conclude with the aid of hindsight that counsel was ineffective for failing to raise the *Duren* motion at the time of trial." Thereafter, acting *sua sponte* and within the time authorized under Rule 59(d), Fed. R.Civ.P., we determined to reexamine the *Duren* question presented in *Brunson* and the similar question presented in *Larrabee v. Wyrick*, No. 82–0050–CV–W–1–R in order to resolve "a doubt as to whether our determination of the *Duren* question was proper and whether it may be necessary to take additional testimony, to amend the findings of fact and conclusions of law heretofore stated or to make new findings and conclusions and thereafter to direct the

entry of a new judgment, as authorized by Rule 59(a) of the Rules of Civil Procedure."

### III.

A well reasoned opinion by Judge Dixon of the Missouri Court of Appeals, Western District gives careful consideration to the question presented by petitioner's "Traverse to the Return" in the case at bar. *Benson v. State*, 611 S.W.2d 538 (Mo.App. 1980) addressed the issue of "application of *Duren v. Missouri* to cases tried between January 9, 1975, the date when *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), was decided, and September 27, 1977, the date when *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977), was decided." The *Benson* court first stated guidelines for application of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and the state contemporaneous objection rule as a procedural bar to *Duren* motions which allegedly should have been raised at trial during the period in question, and then formulated a general rule regarding postconviction claims of ineffective assistance of counsel for failure to timely raise a *Duren* motion. The court emphasized that the factual compilation of statistical evidence upon which the decision in *Duren* was based "was *not available* until November, 1976," (emphasis in original)— well after the jury was sworn in the case at bar; and then reasoned, applying Eighth Circuit cases stating the applicable federal standard regarding claimed ineffective assistance of counsel:

A movant asserting a *Duren* type claim, tried during the period involved, bears the burden of showing that reasonably competent lawyers rendering similar services under existing circumstances would have filed a motion to quash the jury panel and offered proof in support of it.

Hindsight based on the holding in *Duren v. Missouri* has no place in that evaluation. The issue must be considered in the light of whether a reasonably competent lawyer would have considered such a motion a substantial defense reasonably essential to the case at the time of trial.

The determination of that question inevitably involves a professional judgment on the reach and scope of the holding in *Taylor v. Louisiana*. In the light of the holding of the trial courts in *Duren* and in *Lee* and the subsequent affirmance of those trial court holdings in the Supreme Court of Missouri, a determination that a reasonably competent lawyer should have predicted the holding in *Duren v. Missouri* is not possible. Additionally, even if it were determined that such a prediction would have been within the competence of the average practicing lawyer, the additional prediction of the result in our cases eliminating the need for factual proof to support such a motion would have been required. Until *State v. Buford, supra*, (decided on April 30, 1979, *see* 582 S.W.2d 298 (Mo.App.1979)) no court in Missouri had ever waived the requirement of factual proof as to the composition of the jury wheel actually in dispute before considering a claim that the jury was improperly drawn. There can be no hesitation in saying that a failure to predict the holding in *Buford* does not demonstrate incompetency. Without repetition of what has been said, *Buford* would not have adopted the view that it did absent the peculiar circumstances upon which it was based. [611 S.W.2d at 544–45].

The *Benson* court concluded "for the reasons set forth in this opinion, the failure of a defense attorney to file a motion to quash under the *Taylor* doctrine will not be deemed ineffective representation as a general rule. The claim of ineffective assistance of counsel must be denied in this case under that general rule." 611 S.W.2d at 545–46. The general rule stated in *Benson* in regard to claimed ineffective assistance of counsel for failure to timely raise a *Duren* motion is in accord with the controlling principles of law in this Circuit. Petitioner's trial took place between the dates of the decisions in *Taylor v. Louisiana, supra*, and *State v. Duren, supra*. No reason appears not to apply the general rule stated in *Benson* to this case.

We find and conclude that under the circumstances of this case, counsel was not ineffective for failing to raise a *Duren* motion at the time of petitioner's trial. Our memorandum and order of March 24, 1982 should therefore be reinstated.

### IV.

Accordingly, it is

ORDERED (1) that this Court's March 24, 1982 Memorandum and Order denying petition for writ of habeas corpus should be and the same is hereby reinstated. It is further

ORDERED (2) that the petition for writ of habeas corpus should be and the same is hereby dismissed.