**Charles STEVENSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51264.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Henry Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Paul LaRose, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Charles Stevenson, movant, was convicted by a jury of three counts of first degree robbery under § 569.020, RSMo 1978, and was sentenced as a persistent offender to thirty years' imprisonment. The conviction was affirmed by this court on direct appeal.[1] Movant then filed this motion for postconviction relief pursuant to Rule 27.-26. An evidentiary hearing was not held, but the trial court made and entered findings of fact and conclusions of law in denying the motion. Finding movant's points on appeal to be without merit, we affirm.

Movant raises two points on appeal. His first point alleges that counsel's failure to interview any of the State's witnesses constituted ineffective assistance of counsel. The second point claims that counsel's assistance was ineffective because prejudicial testimony occurred at trial. With regard to both points, movant contends that he is entitled to an evidentiary hearing.

Appellate review of a trial court's denial of postconviction relief is limited to a determination of whether the trial court's findings and conclusions are clearly erroneous. Rule 27.26(j); *Deaton v. State,* 705 S.W.2d 70, 73 (Mo.App.1985). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with the definite and firm impression that a mistake has been made. *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App. 1985).

We now apply this standard of review to the movant's claim of ineffective assistance of counsel. To find ineffective assistance of counsel, it must be shown that (1) the attorney's performance lacked the care and skill of a reasonably competent lawyer rendering similar services under the existing conditions and (2) such performance resulted in prejudice to the defendant. *Murrell v. State,* 679 S.W.2d 397, 398 (Mo.App. 1984); *see also Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979). The movant has a heavy burden where the basis of the postconviction relief motion is ineffective assistance of counsel. *Green v. State,* 659 S.W.2d 219, 224 (Mo.App.1983). Moreover, counsel is presumptively competent. *Seales,* 580 S.W.2d at 735.

In his appeal, movant asserts that counsel's failure to interview any of the State's witnesses constituted the breach of an "essential duty." Although ineffective assistance of counsel may arise from the failure to interview witnesses, there is no hard and fast rule that requires interviews of any or all of the State's witnesses. The issue is resolved by the facts of each case. *Langston v. Wyrick,* 698 F.2d 926, 931 (8th Cir.1982). Those cases which find ineffective assistance of counsel for failure to interview witnesses clearly show that the witnesses' testimony would have proved helpful to the movant. *Merritt v. State,* 650 S.W.2d 21, 23 (Mo.App.1983).[2]

Movant failed to offer any facts to establish that interviews with the State's witnesses would have proved helpful to his case. As to whether movant was prejudiced by the lack of interviews, we note that the record shows that defense counsel employed outside information to cross-examine the witnesses, which effectively illu-

---

1. *State v. Stevenson,* 660 S.W.2d 236 (Mo.App. 1983).

2. *See also Eldridge v. Atkins,* 665 F.2d 228 (8th Cir.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982) (failure to interview witnesses when there was the possibility of a substantial defense of misidentification constituted ineffective assistance of counsel); *Wilson*

*v. Cowan,* 578 F.2d 166 (6th Cir.1978) (failure to call an alibi witness who was ready and willing to testify is ineffective assistance of counsel); *Hall v. State,* 496 S.W.2d 300 (Mo.App.1973) (failure to investigate circumstances which may constitute a valid defense amounts to ineffective assistance of counsel).

**12**

minated inconsistencies and contradictions. Given these facts, we cannot conclude that movant was substantially prejudiced by counsel's failure to interview any of the State's witnesses. Movant's first point is denied.

■■■ Movant's second point alleges ineffective assistance of counsel because information about movant's prior criminal activities and convictions was elicited at trial. This allegation was not raised as a ground for relief in movant's Rule 27.26 motion. An issue neither raised in the postconviction motion nor presented to the trial court is not subject to review by the appellate court. Rule 27.26(b)(3); *Stokes v. State,* 688 S.W.2d at 22; *Ardrey v. State,* 612 S.W.2d 859, 860 (Mo.App.1981). Therefore, we need go no further in denying this point.[3]

Finally, we apply our standard of review to the issue of whether movant is entitled to an evidentiary hearing. Under Rule 27.-26(e), a movant is entitled to an evidentiary hearing if he pleads facts and not conclusions which, if true, would entitle him to relief and which are not refuted by the record. Movant must also show that the matters of which he complains resulted in prejudice to him. *Deaton v. State,* 705 S.W.2d at 76.

■■■ Movant's motion simply states that his counsel failed to render effective assistance by not interviewing any of the State's witnesses. Nowhere does movant specifically name the witnesses to be interviewed nor does he indicate the substance of their testimony. Without such facts, his contention is mere speculation and speculation is not a valid basis for an evidentiary hearing. *Merritt v. State,* 650 S.W.2d at 23; *Brunson v. Higgins,* 542 F.Supp. 216, 220 (W.D. Mo.1982). We conclude that the trial court

did not err in denying movant an evidentiary hearing.

The trial court's judgment is affirmed.

KAROHL, P.J., and SIMON, J., concur.

---

3. We note that the testimony to which movant objects did not result in substantial prejudice, since the issue became moot after movant took the stand and testified to his past criminal convictions. Having defendant take the stand is a matter of trial strategy. *McQueen v. State,* 475 S.W.2d 111, 115 (Mo. banc 1971). Where allegations of ineffectiveness relate to trial strategy, such matters are not cognizable under Rule 27.26. *Williamson v. State,* 628 S.W.2d 895, 898 (Mo.App.1981).