**STATE of Missouri, Respondent,**

v.

**Buddy HOWARD, Appellant.**

**No. 34544.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 24, 1972.

John C. Danforth, Atty. Gen., Vincent F. Igoe, Jr., Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James Darst, Asst. Circuit Atty., St. Louis, for respondent.

Schaeffer & Schaeffer, by Herbert D. Schaeffer, Clayton, for appellant.

CLEMENS, Judge.

Defendant Buddy Howard was indicted for the shotgun murder of Jessie Harvel. The trial court submitted the State's case on first and second degree murder, manslaughter and self defense. The jury found defendant guilty of manslaughter and he was duly sentenced to four years imprisonment. Here defendant challenges the sufficiency of the State's evidence.

Two patroling police officers heard a gun shot, moved in that direction and saw defendant on the sidewalk holding a shotgun which he dropped on command. The police found the wounded victim lying on the sidewalk 200 feet away, a pool cue beneath him. Midway between the two men they found a spent shotgun shell, later identified as having been fired from defendant's shotgun. An autopsy showed shotgun pellets had penetrated the victim's abdomen over a circular area six to eight inches in diameter and that death resulted therefrom three days later. A police ballistics expert testified the shot pattern from defendant's gun would expand at the rate of one inch per foot, thus raising an inference the decedent was shot at a range of six to eight feet. Defendant contends this evidence warranted submission of second degree murder but not manslaughter, citing State v. Smith, Mo., 240 S.W.2d 671 and State v. Ferguson, 353 Mo. 46, 182 S. W.2d 38. These cases deal with the failure to give a manslaughter instruction rather than the propriety of giving one, as here. Both cases hold that to entitle a defendant to a manslaughter instruction there must be evidence the victim used violence against defendant. There was such evidence of violence here.

Defendant did not testify but his witnesses testified that as he was walking along the sidewalk Jessie Harvel came out of weeds on a vacant lot swinging a pool cue with which he hit defendant.

We deny defendant's contention that the evidence did not warrant a manslaughter instruction. In State v. Williams, Mo., 442 S.W.2d 61 [4–6], the court said: " 'The general rule is that a presumption of murder in the second degree arises from an intentional killing of a human being by another where a deadly weapon is used by him at a vital part of the body, absent *proof* of other facts tending to show deliberation to raise such killing to first degree murder, or to show want of premeditation and malice to reduce the killing to manslaughter, or to show that such killing was excusable or justifiable.' (Citing cases). We emphasize that there must be *proof* of facts tending to show want of premeditation and malice to warrant an instruction

on manslaughter. In this case there was such proof. From the facts supported by substantial evidence, the jury could find that when Matthews suddenly shot a defendant at close range without warning, defendant's firing back was without malice, and certainly without deliberation. Our conclusion is that the evidence authorized an instruction on manslaughter, and that the trial court did not err in giving the instruction over defendant's objection." We hold that the evidence here warranted the manslaughter submission.

■ Defendant also contends the evidence did not warrant the first degree murder instruction. Since he was not convicted of first degree murder he cannot complain of the alleged error in giving that instruction. State v. McQueen, Mo., 399 S.W.2d 3 [4].

■ Our ruling on three of defendant's points relied on can be combined: (1) In his brief defendant complains generally of reversible error when the court "allowed the jury to deliberate on the issues after the improper and prejudicial behavior of the assistant Circuit Attorney in the trial and closing argument in this case." (2) Defendant contends "the court erred in allowing hearsay evidence under the guise of 'rebuttal testimony.'" (3) Defendant complains also of admitting opinion testimony of the State's ballistic witness in that he "was not qualified as an expert in the other fields in which he was questioned, over proper objections by defendant." These points relied on preserve nothing for review since neither complies with the specificity required by Civil Rule 83.05(e), V.A.M.R., made applicable to criminal appeals by Rule of Criminal Procedure 28.18, V.A.M.R. State v. Conner, Mo., 391 S.W.2d 335 [3]. To be certain no manifest miscarriage of justice occurred we have delved into the argument section of defendant's brief to pursue his contentions. We find no error.

■ Last, defendant complains of Instruction 10, a general cautionary instruc-

tion given by the court. Therein the court defined the respective roles of the judge and jurors, that of counsel and objections, the non-assumption of facts, that the jurors were the sole judges of the facts of the case and warned them not to indulge in guesswork or speculation. Defendant does not complain of error in this instruction. Instead he argues that the court erred in failing to give MAI 2.01, Cautionary Instruction in All Cases, and MAI 2.02, Facts Not Assumed. MAI's are prescribed by Rule 70.01 as a part of the Rules of Civil Procedure; they are inapplicable to criminal procedure. State v. Reed, Mo., 452 S.W.2d 71 [3].

Finding no error the judgment is affirmed.

DOWD, Acting C. J., and WEIER, J., concur.