**STATE of Missouri, Respondent,**

v.

**Luther Lee MURRELL, Appellant.**

**No. 37440.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 26, 1977.

Motion for Rehearing and/or Transfer Denied Sept. 12, 1977.

William B. Haller, David M. Adams, Asst. Public Defenders, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Walter O. Theiss, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., George R. Westfall, Asst. Pros. Atty., Clayton, for respondent.

ALDEN A. STOCKARD, Special Judge.

Luther Lee Murrell was found guilty by a jury of the murder of Frank Burger and

sentenced to the custody of the Department of Corrections for a term of eighty years. He has appealed from the ensuing judgment. We affirm.

A jury reasonably could find from the evidence that July 28, 1974, appellant killed Frank Burger by stabbing him, and appellant does not challenge the sufficiency of the evidence.

■ Appellant first asserts that the court erred in admitting into evidence testimony that he had been living with his "girlfriend" because it constituted evidence of his character when he had not placed his character in issue. The only objection made at trial to this testimony was that "it's immaterial." There was no objection on the basis that it constituted evidence of appellant's character. This court will not review this assignment of error because it presents as error the admission of testimony to which no objection was made for the reason now presented on appeal. *State v. Atkins*, 494 S.W.2d 317 (Mo.1973); *State v. Spencer*, 486 S.W.2d 433 (Mo.1972).

Appellant was charged with murder in the first degree, but was found guilty of murder in the second degree. He assigns as error the giving of an instruction on murder in the first degree "because it prejudiced the jury by allowing them to believe there was some evidence of murder in the first degree when there was none, which was fundamentally unfair."

■ We need not detail the evidence, but we do not agree that there was no evidence of murder in the first degree. Decisive of appellant's contention is the long established rule that when a defendant is not convicted of murder in the first degree he cannot complain on appeal of an alleged error in the giving of an instruction submitting that offense. *State v. McQueen*, 399 S.W.2d 3 (Mo.1966); *State v. Howard*, 486 S.W.2d 660 (Mo.App.1972). Appellant admits that the case law of this state is "overwhelmingly" contrary to his contention, but

he asserts it is time for this court to review its policy. We are of the opinion that the rule applicable to this situation should not be changed. In addition, that rule was announced by the Supreme Court of this State and is binding on this court. *Klein v. Abramson*, 513 S.W.2d 714 (Mo.App.1974).

Appellant's final contention is that the trial court erred in permitting "improper rebuttal argument concerning James Hall's testimony" because he was not able to respond to this "new argument." By reference to the transcript we find that appellant's objection was to the prosecutor's reference in rebuttal to the testimony of James Hall because appellant's counsel did not "say anything about Hall's testimony" in his argument.

■ Appellant has misconceived the limitation on rebuttal argument which is, generally stated, that the prosecutor should confine his closing argument to a discussion of the *issues* and the *argument* of defense counsel. See *State v. Hale*, 371 S.W.2d 249 (Mo.1963). There is no prohibition to referring in rebuttal argument to the *testimony* of a witness, even though defense counsel did not do so, when the reference is a party of argument on a previously presented *issue*. That is what occurred in this case, and the point is without merit.

The judgment is affirmed.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.