Luther MURRELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 44213.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1984.

Lew Anthony Kollias, Public Defender, Columbia, Holly G. Simons, Jefferson City, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant, Luther Murrell, was convicted by a jury of second degree murder and sentenced to eighty years' imprisonment. The conviction was affirmed by this court on direct appeal in *State v. Murrell*, 555 S.W.2d 651 (Mo.App.1977). Movant thereafter filed this Rule 27.26 motion to vacate the sentence. The motion was denied by the trial court after an evidentiary hearing. We affirm.

On appeal movant claims that the failure of trial counsel to interview a State's witness and the failure to apprise that witness of his right against self-incrimination constituted ineffective assistance of counsel.

Movant was represented at trial by an attorney in the Public Defender's Office. The attorney who had originally been assigned to the case left the office prior to trial and the case was reassigned to another attorney. An investigator for the office contacted several witnesses in the case but was unsuccessful in his efforts to contact James Hall, a State's witness and also a half-brother of the movant. Movant's trial attorney testified that he was aware of Hall's anticipated testimony from police reports. Hall's testimony at trial was as expected and included testimony about an admission by movant that he in fact had killed a man. Hall also testified about a red substance on the movant's hand shortly after the murder.

■ Our review under Rule 27.26(j) is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." We apply this narrow standard to the findings of the court below regarding movant's claim of ineffective assistance of counsel. "The two-part test for ineffective assistance of counsel is (1) performance of counsel that lacks the care and skill of a reasonably competent lawyer rendering similar services under the existing conditions, (2) resulting in prejudice to the defendant." *Baker v. State*, 670 S.W.2d 597, 598 (Mo.App. 1984); *see also Stickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Turning to the second part of the two-part test for ineffective assistance of counsel, it is clear that trial counsel's failure to interview Hall did not prejudice movant. The movant has failed to show what information defense counsel would have obtained had Hall been interviewed prior to trial, or how it would have been helpful to his case. *Baker v. State*, 584 S.W.2d 65, 68 (Mo. banc 1979). In *Gentile v. State*, 637 S.W.2d 30 (Mo.App.1982), counsel failed to depose the victim of the crime. This court found no prejudice because no new information could have been obtained, and because counsel knew what the victim's testi-

mony would be. 637 S.W.2d at 32. The present case is similar. Defense counsel knew what Hall's testimony would be. Hall's testimony at trial was in accord with statements in police reports which defense counsel had reviewed. Defense counsel cross-examined Hall at trial. The trial court found no prejudice. We hold that the trial court's finding was not clearly erroneous and therefore deny movant's first contention.

Movant next claims ineffective assistance of counsel because counsel, by failing to interview Hall before trial, did not have a chance to apprise him of his right against self-incrimination. Movant feels Hall would not have testified had he fully understood this right, and Hall stated as much in the 27.26 hearing. Movant claims that Hall's testimony was so important to the prosecution's case that the movant was prejudiced by counsel's failure to interview Hall and discuss this with him before trial.

Defense counsel had no duty to advise a State's witness of his constitutional right against self-incrimination. Any attempt by defense counsel to establish an attorney-client relationship with Hall by giving clandestine legal advice would have been, at best, a questionable practice.[1] Movant's second point is denied.

The judgment of the trial court is affirmed.

REINHARD, C.J., and KAROHL, J., concur.

---

1. We note from the record that Hall was fully advised of his right against self-incrimination by the trial judge before he testified at trial.