Keith Stanley YOUNG, Movant,

v.

STATE of Missouri, Respondent.

No. 50012.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1986.

Application to Transfer Denied
Jan. 13, 1987.

David C. Hemingway, Asst. Public Defender, St. Louis, for movant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Movant was convicted of rape, sodomy, and felonious restraint, §§ 566.030, 566.-060, and 565.120, RSMo Cum.Supp.1984. He was sentenced to concurrent terms of twenty-five years for rape and sodomy, and a consecutive term of four years for felonious restraint. These convictions were upheld on direct appeal. *State v. Young*, 643 S.W.2d 28 (Mo.App.1982). Movant thereafter filed a motion under Rule 27.26 alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied the motion, refusing to vacate the aforementioned sentences. We affirm.

On appeal, movant contends that his trial counsel was ineffective: (1) in failing to interview the victim and victim's family prior to trial; (2) in failing to object to the prosecutor's alleged misstatement of the range of punishment for movant's offense; and (3) in failing to suppress evidence.

We deal first with movant's contention that he was denied effective assistance of trial counsel who failed to interview the victim and the victim's family prior to trial.

■ Our review under Rule 27.26(j) is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Movant bears a heavy burden of proving unfairness resulting from alleged ineffective assistance of counsel. The applicable standard in determining whether movant was denied effective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065 [19], 80 L.Ed.2d 674 (1984). The two-part test for ineffective assistance of counsel is (1) performance of counsel that lacks the care and skill of a reasonably competent lawyer rendering similar services under the existing conditions, (2) resulting in prejudice to the defendant. *Id.* 104 S.Ct. 2065. *See also Baker v. State*, 670 S.W.2d 597, 598 [1] (Mo.App.1984).

■ Turning to the second part of the two-part test for ineffective assistance of counsel, we find that movant has failed to show how he was prejudiced by defense counsel's failure to interview the victim or the victim's family. Movant alleges that as a result of defense counsel's alleged lack of preparation, movant was significantly prejudiced by defense counsel's cross-examination of the victim, victim's brother, and victim's mother at trial. Movant asserts that during the cross-examination, defense counsel elicited more damaging information from the victim and the victim's brother than the state had secured on direct examination. On cross-examination, the victim described the sordid details of the day she was raped much more explicitly than she had on direct examination. The victim's brother testified that movant had made threatening phone calls to the victim after his arrest. Additionally, movant claims that during cross-examination, defense counsel solicited stronger corroboration by the mother for her daughter's identification of the movant, than the state had on direct examination.

Movant's only defense at trial was mistaken identification. The record reflects that initially movant's defense was consent. Thus, it is speculative whether an interview of the victim and victim's family would have led to a more effective cross-examination. Furthermore, the record at the evidentiary hearing established that the victim had testified in a pre-trial identification hearing, thus, defense counsel was aware of her testimony. Appellant has failed to clearly show what further information counsel would have obtained had the victim and the victim's family been interviewed prior to trial or how such information would have been helpful to his case. *Murrell v. State*, 679 S.W.2d 397, 398 [2] (Mo. App.1984). Therefore, we rule this point against movant.

■ Movant next claims his trial counsel was ineffective in failing to object to the prosecutor's alleged misstatement of the range of punishment for movant's offense. The alleged misstatement was as follows:

"I want to point out in these two instructions there is a punishment phase. If you find him guilty[,] you will have to decide between two punishments. One is

five to life[,] and the other one is starting with a minimum of ten and going up to thirty or life[,] and the different elements that the state has to prove for you to get this second one[,] thirty to life[,] is simply there was displayed a deadly weapon."

Appellant contends that the prosecutor's statement misled the jury by indicating that the maximum available sentence was the same regardless of whether the jury found the presence of a deadly weapon.

The punishments for the offense of rape to which the prosecutor referred to was applicable to movant's offense. *See* §§ 566.030 and 566.060 RSMo Cum.Supp. 1984. At the time of movant's trial, the statutes upon which appellant was charged carried two different ranges of punishment, contingent upon whether the movant in the course of the offense displayed a weapon in a threatening manner. If the movant displayed a weapon, the offense was a Class A felony, which carried a penalty range of ten to thirty years, or life imprisonment. § 558.011.1(1) RSMo Cum. Supp.1984. If the movant did not display a deadly weapon during the commission of the crime, the offense was a Class B felony, which carried a range of five to fifteen years. § 558.011.1(2) RSMo Cum.Supp. 1984.

In the case at bar, it was simply a fact issue whether the movant possessed a deadly weapon in order to determine the proper range of punishment. It is clear from the record that the jury could have reasonably found that movant displayed a deadly weapon in a threatening manner during the commission of the crime. The victim testified that when her assailant first ordered her into the car, he possessed a "black ... snub nose revolver." The victim also testified that when she was ordered to submit to the sodomy, he put something in her back, which she stated she thought was a knife. From the victim's testimony, the jury may have concluded that the movant displayed a deadly weapon, and thus recommended concurrent terms of twenty-five years for rape and

sodomy, which is properly within the range of punishment set forth in § 558.011.1(1) RSMo Cum.Supp.1984.

In order to prove ineffective assistance of counsel, the movant must show that he was prejudiced by any unprofessional errors. The mere failure to make objection does not constitute ineffective assistance of counsel. *Joiner v. State*, 621 S.W.2d 336, 338[5] (Mo.App.1981). In the instant case, no prejudicial error can be found, as the record indicates that the trial court properly instructed the jury on the range of punishment. There was sufficient evidence for the jury to conclude that movant possessed a deadly weapon during the commission of the crime, and thus was properly sentenced within the range of punishment provided by the statute. We rule this point against movant.

Movant's final point relied on is that the trial court erred in finding that movant's trial counsel was not ineffective for failing to file a motion to suppress evidence. Movant argues that a pink blanket, which was found in the front seat of movant's automobile, was illegally seized by police, and subsequently admitted into evidence at trial.

Movant relies on *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), which held that police may conduct warrantless searches upon the arrest of suspects of the person arrested and the immediately surrounding area. Once arrested, however, the exigencies which justify a warrantless search of the automobile no longer exist. *Id.* at 2041–2042. Movant contends that no such exigencies appear in the record, and therefore, absent a search warrant the search of movant's automobile and seizure of the pink blanket violated movant's Fourth Amendment Rights. We disagree.

The police undertook surveillance of movant's home address based upon the victim's description of her assailant's license number. When movant arrived at his home, the police arrested him and seized the pink blanket from his automobile. The record indicates that the pink blanket was

in plain view, lying on the seat of the automobile.

The "plain view" exception permits an officer to seize items without a warrant if: (1) the evidence is observed in plain view while the officer is in a place where he has a right to be; (2) discovery of the evidence is inadvertent; and (3) it is apparent to the officer that he has evidence before him. *State v. Holt*, 695 S.W.2d 474, 477[2] (Mo.App.1985). In the instant case, the officers were waiting for the movant to arrive at his home pursuant to the victim's report of the attack. Second, the discovery of the blanket was inadvertent. Third, the officers had probable cause to believe that the blanket was associated with the commission of the movant's offense. Thus, a search warrant was not necessary in order to seize the blanket.

In order to prove ineffective assistance of counsel, movant must show how he was prejudiced by trial counsel's failure to file a motion to suppress evidence.[1] The movant has not shown that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068 [19], 80 L.Ed.2d 674 (1984).

The judgment is affirmed.

SATZ, P.J., and CRIST, J., concur.

---

1. We note that movant filed a *pro se* motion to suppress evidence. In its Findings of Fact and Conclusions of Law, the trial court found that "movant did not identify any evidence which was improperly seized. Movant also did not present any evidence that anything was improperly seized."