Robert C. MOUNTJOY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 39417.

Missouri Court of Appeals, Western District.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1988.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and NUGENT and MANFORD, JJ.

NUGENT, Judge.

Robert C. Mountjoy, movant, appeals from the trial court's denial after an evidentiary hearing on his Rule 27.26 motion confirming his conviction for second degree robbery. We affirm.

On July 29, 1983, defendant Mountjoy was convicted by a jury of second degree robbery and that conviction was affirmed on appeal. *State v. Mountjoy*, 680 S.W.2d 178 (Mo.App.1984)

The case comes to us after an evidentiary hearing on Mr. Mountjoy's second amended Rule 27.26 motion in which he alleged ineffective assistance of counsel in fourteen areas. The hearing court denied the motion, and movant filed this appeal.

Movant contends that the court erred in overruling his Rule 27.26 motion in that he was denied effective assistance of counsel because his attorney (1) failed to investigate, interview, depose or subpoena Dianna Terry (Puhr), defendant's alibi witness; (2) failed to depose Mrs. Terry Goodman, an eyewitness to the robbery who was unable to identify defendant as the robber; and (3) failed to interview Detective Bosch before calling him as a witness and so was unaware that he would contradict defendant's testimony and, therefore, was unable to claim surprise.

■ To prevail on a claim of ineffective assistance of counsel, the movant must show that his attorney failed to exercise the customary skill and diligence of a reasonably competent lawyer under similar circumstances and that this failure prejudiced defendant. *State v. Turner*, 623 S.W.2d 4, 12 (Mo.1981) (en banc); *Seales v. State*, 580 S.W.2d 733, 736 (Mo.1979) (en banc).

■ Before the hearing court Mr. Mountjoy's trial counsel, Mr. Charles Rogers, testified that he had sent an investigator to interview Dianna Terry (Puhr) and that she was unwilling to be involved in the trial. Mr. Rogers further testified that Ms. Puhr could testify only that Mr. Mountjoy was with her for part of the day on which the robbery occurred, that she could not testify that he was with her during the time the robbery occurred. Effective assistance of counsel does not mean calling witnesses who are of no value to one's client, and failure to call a witness whose testimony cannot assist in a defendant's defense does not constitute ineffective assistance of counsel.

■ Mr. Rogers further testified that he did not call Mrs. Terry Goodman to testify at trial as a matter of trial strategy. Here defendant Mountjoy failed to call Mrs. Goodman to testify on his behalf at the hearing on his Rule 27.26 motion. A defendant who claims that his trial counsel was ineffective in not calling a certain witness must allege and prove that counsel's omission materially affected the outcome of the trial. He must show what the witness' testimony would have been and how it would have helped him. He has the burden of proving that the testimony would have provided a viable defense, *Simons v. State*, 719 S.W.2d 479, 480 (Mo.App.1986), or would have been helpful in his defense, *Young v. State*, 721 S.W.2d 69, 70 (Mo.App.1986), and *Stevenson v. State*, 720 S.W.2d 10, 11 (Mo.App.1986). Since Mrs. Goodman did not testify at the hearing, the court had no way to determine whether she was available to defense counsel at the time of trial or what her testimony might have been. Thus, defendant failed to carry his burden of proof on that issue.

■ Mr. Rogers testified at the hearing that he chose not to consider Mrs. Goodman as a witness, although she had failed to identify Mr. Mountjoy as the robber as her husband had done. He feared that calling her ran the risk that in the courtroom, an inherently suggestive atmosphere, she might think that she recognized defendant, thus "backfiring" on defendant. An attorney's selection of witnesses to be produced at trial is a matter of trial strategy that will not lightly be declared erroneous. *Pinkard v. State*, 694 S.W.2d 761, 762 (Mo.App.1985). The court's ruling on this issue is not clearly erroneous.

■ As for movant's point about Detective Bosch, Mr. Rogers did call him to testify. He contradicted Mr. Mountjoy's testimony only on a minor point as to the place the movant had told the detective he

**474**

had received the money orders. At trial Mr. Mountjoy testified that he told Detective Bosch that Dolan gave him the money orders in a parking lot outside a bar at 10th and Central in Kansas City, Kansas. Detective Bosch testified that the movant had said that he received the money orders at an apartment at 10th and Central. Mr. Rogers testified that he did not attempt to impeach the detective's testimony with prior inconsistent statements because Detective Bosch was a defense witness, and at the time of trial a party could not impeach his own witness. Mr. Rogers also testified that he interviewed Detective Bosch on two occasions before trial. Representation will not be labeled ineffective because unknown to counsel a witness decides to change his testimony on the stand. *Armbruster v. State*, 686 S.W.2d 519, 520 (Mo.App.1985).

The credibility of witnesses at a Rule 27.26 hearing is for the hearing court to determine. *Black v. State*, 723 S.W.2d 474, 475 (Mo.App.1986). The court is not required to believe a defendant's testimony even if no contrary evidence is offered. *Johnson v. State*, 479 S.W.2d 416, 420 (Mo. 1972). The ruling of the trial court is not clearly erroneous; the judgment is affirmed.

All concur.