**Van THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54690.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1989.

Application to Transfer Denied
May 16, 1989.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

In 1984, movant was convicted of three counts of robbery in the second degree. He was sentenced as a prior and persistent offender to three concurrent thirty-year prison sentences.

Movant was charged with the three robbery counts by indictment on November 17, 1983. In a plea bargain, the State offered movant a five-year sentence in return for a guilty plea. Movant refused the offer. The State then filed a substitute information charging movant as a "prior and persistent offender." This amendment was based on movant's 1972 guilty plea to a rape charge for which he received a suspended imposition of sentence and a 1980 guilty plea to a second degree assault charge.

Movant now asserts his trial counsel was ineffective. Movant contends his decision to go to trial instead of accepting the State's plea bargain was not an informed choice because he was not advised he could receive an enhanced sentence as a prior and persistent offender by counsel. Movant claims if he would have been so advised, he would have pled guilty and received a lesser sentence.

Movant testified at the evidentiary hearing that at the time of trial, he did not believe the law allowed the use of a suspended imposition of sentence to enhance punishment as a prior and persistent offender. This issue was ruled against movant on direct appeal. *State v. Thomas*, 705 S.W.2d 579, 583[8] (Mo.App.1986). He further testified he was never informed by counsel of this possibility.

Movant's trial counsel also testified at the Rule 27.26 hearing. He stated that after the initial indictment, he had informed movant of the possibility of the State amending the information to charge defendant as a prior and persistent offender. Counsel said he had advised movant that a recent change in the law allowed the use of the prior suspended imposition of sentence to enhance punishment. Counsel said that after the State amended the charges, he again told movant of the possibility of enhanced punishment of up to thirty years for each count. Movant decided not to accept the plea bargain but to advance to trial because he believed he had an alibi.

The credibility of witnesses at a Rule 27.26 hearing is for the hearing court's

determination. *Mountjoy v. State,* 750 S.W.2d 471, 474[9] (Mo.App.1988). Based on trial counsel's testimony, the trial court did not err in finding movant was fully informed by counsel of the possibility of an enhanced sentence of thirty years on each count when movant decided to refuse the plea bargain and proceed to trial. Movant's counsel was not ineffective.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.