**Robert CAVE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 97888.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 2013.

Jessica M. Hathaway, St. Louis, MO, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Robert Cave (Movant) appeals from the circuit court's judgment denying, after an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. We affirm.

A jury convicted Movant of first-degree statutory sodomy. The trial court sentenced Movant to eleven years in prison. This court affirmed the judgment and sentence by *per curiam* order pursuant to Rule 30.25(b). *State v. Cave,* 308 S.W.3d 265 (Mo.App.2010). Movant filed a post-conviction motion claiming, as pertinent here, that his trial counsel was ineffective for failing to instruct several defense witnesses to submit to interviews with the prosecuting attorney before testifying at trial, as a result of which the State was able to impeach their credibility on the stand. The motion court granted a hearing at which Movant, his trial counsel, and three defense witnesses testified. The court denied relief, and Movant appeals. Additional facts are provided below as relevant to the analysis.

Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Helmig v. State,* 42 S.W.3d 658, 665–66 (Mo.App. 2001). Findings and conclusions are clearly erroneous only if, after a review of the record, we are left with a definite and firm impression that a mistake was made. *Id.*

To prove ineffective assistance of counsel, Movant must demonstrate by a pre-

ponderance of the evidence that: (1) counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances, and (2) Movant was prejudiced by counsel's poor performance. *Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002), citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong of the *Strickland* test, Movant must overcome a presumption that the challenged action constituted sound trial strategy. *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998). The second *Strickland* prong necessitates that Movant "show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* If Movant fails to prove either prong of the *Strickland* test, we need not consider the remaining prong. *Buckner v. State,* 35 S.W.3d 417, 420 (Mo.App.2000).

■ In his sole point, Movant asserts that the motion court erred because his trial counsel was ineffective for failing to instruct defense witnesses to be interviewed by the prosecutor before testifying. At the evidentiary hearing, two witnesses testified that counsel advised them not to speak to the prosecutor. Another witness testified that counsel advised them that they didn't have to speak with her. The motion court found their testimony not credible. Trial counsel insisted that she did not attempt to influence the witnesses' decisions. Counsel conceded that, in hindsight, she could have advised the witnesses that they would be vulnerable on cross-examination, but she also testified that the witnesses were adamant in their refusal to speak with the prosecutor. Counsel knew that this could reveal bias but "thought that the jury would have understood why these people may not have wanted to [talk to the prosecutor] in the middle of the trial." Counsel also cautioned that pretrial inquiry by the State "puts a prosecutor in a position of testifying." The motion court found counsel's testimony credible. Finally, the record reveals that one of the witnesses was represented by other counsel on a related case.

The motion court found that counsel was not ineffective because she had no duty to advise anyone but Movant. The court's analysis is sound. Rule 4–4.3 prohibits a lawyer from giving legal advice to an unrepresented person whose interests are in conflict with her client's interests. *Murrell v. State* instructs that counsel has no duty to advise a witness of his legal rights, so counsel's failure to do so cannot constitute ineffective assistance. 679 S.W.2d 397, 399 (Mo.App. E.D.1984).

In addition, though not discussed by the motion court, we note that, as summarized above, counsel did articulate a rationale for her restraint. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Anderson v. State,* 196 S.W.3d 28, 33 (Mo. banc 2006). Although Movant claims that counsel's inaction was "objectively unreasonable," we are not firmly convinced that her performance "failed to conform to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances." *Strickland* at 687, 104 S.Ct. 2052

■ Finally, we see no reasonable probability that the outcome of Movant's case would have been different but for counsel's silence. Counsel testified that the witnesses were adamant in their refusal to communicate with the prosecutor prior to trial, and the witnesses confirmed their opposition at trial on cross-examination. Their subsequent testimony to the contrary—*i.e.,* that they would have cooperated with the State's inquiry had counsel

advised them to do so—was deemed not credible.

The motion court's findings and conclusions are not clearly erroneous. The judgment is affirmed.

SHERRI B. SULLIVAN and GLENN A. NORTON, JJ., concur.